UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| RENEW NORTHEAST, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:25-cv-13961 |

**PLAINTIFFS' MOTION FOR LEAVE TO EXCEED PAGE LIMITS**
**[EXPEDITED RELIEF REQUESTED]**

Plaintiffs RENEW Northeast, Alliance for Clean Energy – New York, Renewable Northwest, Southern Renewable Energy Association, Interwest Energy Alliance, Mid-Atlantic Renewable Energy Coalition Action, Clean Grid Alliance, and Carolinas Clean Energy Business Association (collectively, "Plaintiffs") respectfully move this Court for leave to file their 70-page Memorandum Of Law In Support Of Motion for Preliminary Injunction. In support of their Motion, Plaintiffs state the following.

1. This lawsuit challenges six distinct final agency actions (the "Anti-Renewable Actions") that unlawfully halt and/or stall the development of wind and solar renewable energy projects on public and private lands across the country, and place these renewable technologies into a second-class status in relation to non-renewable technologies:

    a. <u>The DOI Renewable Bottleneck Memorandum</u>: A final order issued by the Department of the Interior ("DOI") on July 15, 2024, requiring any decision or action relating to a wind and solar facility within DOI's jurisdiction to

satisfy at least three levels of review, including by the Secretary of the Interior himself.  *See* Gregory Wischer, *Departmental Review Procedures for Decisions, Actions, Consultations, and Other Undertakings Related to Wind and Solar Energy Facilities*, Dep't of the Interior, Office of the Sec'y (July 15, 2025).

b. <u>The Federal Lands Anti-Renewable Order</u>:  A final order issued by DOI on August 1, 2025 requiring the agency to consider a proposed facility's "capacity density" when reviewing applications to construct wind and solar projects on lands and waters within DOI's jurisdiction and to approve only those projects that are the most "appropriate" or "efficient" use of federal lands.  *See* Sec'y of Interior, *Secretarial Order 3438, Managing Federal Energy Resources and Protecting the Environment* (Aug. 1, 2025).

c. <u>The Corp's Anti-Renewable Memorandum</u>:  A final order issued by the U.S. Army Corps of Engineers (the "Corps") on September 18, 2025 requiring the agency to consider a proposed facility's "capacity density" and to prioritize projects with high per acre energy generation potential when ruling on individual permit applications under the Clean Water Act and Rivers and Harbors Act. *See* Adam Telle, *U.S. Army Corps Of Engineers re: Direct on Reviewing Permit Applications Related to Energy Generation Projects, Department of the Army*, Army Corps of Eng'rs, Office of the Sec'y (Sep. 18, 2025).

d. <u>The Eagle Take Permit Ban</u>:  A final order issued by the U.S. Fish and Wildlife Service ("USFWS") on or about January 20, 2025, that

- 3 -

      categorically prohibits wind and solar developers from apply for and obtaining permits required to authorize the incidental take of certain eagle species under the Bald and Golden Eagle Protection Act. *See* 3-200-71: Eagle Incidental Take (General Permit), U.S. Fish & Wildlife Serv. (navigate to "Notice To Applicants").[1]

e. <u>The IPaC Shutdown</u>:  A final order issued by DOI on or about July 15, 2025 that categorically prohibits wind and solar projects from accessing and obtaining information from the Information for Planning and Consultation database, which information is necessary to engage in certain mandatory permitting consultations under the Endangered Species Ac and Clean Water Act. See *IPaC Information for Planning and Consultation*, U.S. Fish & Wildlife Serv.[2]

f. <u>The Zerzan/Jorjani Opinion</u>:   A final order issued by DOI on May 1, 2025 reinstating a prior interpretation of subsection 8(p)(4) of the Outer Continental Shelf Lands Act that requires the agency to prevent "all interference" from proposed activities on the Outer Continental shelf instead of balancing the goals specifically enumerated in subsection 8(p)(4), and to reevaluate existing offshore wind approvals under this new standard. *See* Dep't of the Interior, M-37086, *Withdrawal of Solicitor's Opinion M-37067 and Reinstatement of M-Opinion 37059* at 3 (May 1, 2025).

---

[1] Available at https://www.fws.gov/service/3-200-71-eagle-incidental-take-general-permit.
[2] Available at https://ipac.ecosphere.fws.gov/.

2. These final agency actions must be set aside under the Administrative Procedure Act for multiple reasons, many of which are common as between the actions—such as the agencies' failure any reasoned justification for placing wind and solar facilities status vis-à-vis other source of energy, and some that are specific to the individual actions—such as violations of the relevant statutes applicable to each action at issue.. *See* Dkt.1.

3. These actions are causing extreme, immediate, and ongoing harm to Plaintiffs' member companies and other industry participants. Among other reasons, the Anti-Renewable Actions have individually and collectively brought the wind and solar federal permitting process to a standstill, resulting in project delays and cancellations that have caused billions of dollars in economic harm and threaten the ongoing viability of many of these projects.

4. Plaintiffs filed their original Complaint in this action on December 23, 2025, Dkt.1, and intend to file their First Amended Complaint (the "Amended Complaint") on January 12, 2026, concurrently with the filing of their Motion for Preliminary Injunction. The Complaint names six federal agencies and six federal officials in their official capacities: DOI; Douglas Burgum, Secretary of the Interior; the Bureau of Land Management ("BLM"); Steve Pearce, Director of BLM; the Bureau of Ocean Energy Management ("BOEM"); Matthew Giacona, Acting Director of BOEM; the Bureau of Safety and Environmental Enforcement ("BSEE"); Kenneth Stevens, Principal Deputy Director of BSEE; USFWS; Brian Nesvik, Director of USFWS; the Corps; and William H. Graham, Jr., Chief of Engineers and Commanding General (collectively, "Defendants").

5. Given the immediate, ongoing, and irreparable harm caused by the unlawful Anti-Renewable Actions, Plaintiffs intend to move for preliminary injunctive relief on each of their

claims contemporaneously with the filing of the Amended Complaint, as to each of the challenged final agency actions.

6. Each of these claims raise significant and/or complex issues of statutory and regulatory interpretation. Properly framing these complex legal issues also requires a fulsome background section that describes each challenged action, the relevant statutory scheme at issue, and the agency's prior position and/or procedure. Further, Plaintiffs must present arguments explaining why the equitable factors justify preliminary injunctive relief, including detailing the substantial irreparable harm to Plaintiffs' many members and other industry participants and the several public interests that a preliminary injunction will serve.

7. Given these factual and legal complexities, as well as the number of final agency actions and legal defects as to those actions at issue, Plaintiffs require 70 pages for their Memorandum to develop the necessary factual background, the likelihood of success arguments, and the analysis of the equities, so that this Court may be fully apprised of all relevant issues before adjudicating Plaintiffs' preliminary injunction motion.

8. The high stakes and urgency of this litigation also warrant the additional analysis, as the Anti-Renewable Actions—both individually and collectively—are currently costing the wind and solar industry billions of dollars, raising costs for consumers, and reducing grid reliability while putting many gigawatts of desperately needed electrical generation in every corner of the country at risk.

9. As certified below, Plaintiffs, through their undersigned counsel, have been unable to confer with Defendants under Local Rule 7.1(a)(2) because no Defendant and no counsel for any of the Defendants has entered an appearance in this matter.

WHEREFORE, Plaintiffs respectfully request that this Court grant them leave to file a brief of 70 pages in support of their Motion for Preliminary Injunction.

Dated: January 8, 2026.

                    Respectfully submitted,

BY: */s/ Daron L. Janis*
Daron L. Janis (BBO #703028)
TROUTMAN PEPPER LOCKE LLP
111 Huntington Ave., 9th Floor
Boston, MA 02199
(617) 239-0124
daron.janis@troutman.com

Misha Tseytlin (*pro hac vice filed*)
TROUTMAN PEPPER LOCKE LLP
111 S. Wacker Dr.
Suite 4100
Chicago, IL 60606
(608) 999-1240
misha.tseytlin@troutman.com

M. Benjamin Cowan (*pro hac vice filed*)
TROUTMAN PEPPER LOCKE LLP
600 Travis Street, Suite 2800
Houston, TX 77002
(713) 226-1339
ben.cowan@troutman.com

Kaitlin O'Donnell (*pro hac vice filed*)
TROUTMAN PEPPER LOCKE LLP
1313 N. Market St., Suite 1000
Wilmington, DE 19801
(302) 777-6541
kaitlin.odonnell@troutman.com

Anais Jaccard (*pro hac vice filed*)
TROUTMAN PEPPER LOCKE LLP
301 S. College St, 34th Floor
Charlotte, NC 28202
(704) 916-1506
anais.jaccard@troutman.com

## **LOCAL RULE 7.1 CERTIFICATION**

Plaintiffs, through their undersigned counsel, have been unable to confer with Defendants under Local Rule 7.1(a)(2) because no Defendant and no counsel for any of the Defendants has entered an appearance in this matter.

                                                                    */s/ Daron L. Janis*
                                                                    Daron L. Janis

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January, 202, a true and correct copy of the foregoing is being served via the Court's CM/ECF system upon all counsel of record, and is also being served via certified mail upon the following:

Leah B. Foley
U.S. Attorney for the District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, MA 02210

Pamela Bondi
U.S. Attorney General
950 Pennsylvania Avenue NW
Washington, DC 20530

U.S. Department of the Interior
1849 C Street, NW
Washington, DC 20240

Douglas Burgum
1849 C Street, NW
Washington, DC 20240

Bureau of Land Management
1849 C Street, NW
Washington, DC 20240

Steve Pearce
1849 C Street, NW
Washington, DC 20240

Bureau of Ocean Energy Management
1849 C Street, NW
Washington, DC 20240

Matthew Giacona
1849 C Street, NW
Washington, DC 20240

Bureau of Safety and Environmental Enforcement
1849 C Street, NW
Washington, DC 20240

- 2 -

Kenneth Stevens
1849 C Street, NW
Washington, DC 20240

U.S. Fish and Wildlife Service
1849 C Street, NW
Washington, DC 20240

Brian Nesvik
1849 C Street, NW
Washington, DC 20240

U.S. Army Corps of Engineers
441 G Street NW
Washington, DC 20314

William H. Graham, Jr.
441 G Street NW
Washington, DC 20314

　　　　　　　　　　　*/s/ Daron L. Janis*　　　　　　
　　　　　　　　　　Daron L. Janis