# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| RENEW NORTHEAST, *et al.*,<br><br>    *Plaintiffs,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*<br><br>    *Defendants*. | Civil Action No. 1:25-cv-13961 |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Before the Court is the Motion for Preliminary Injunction (the "Motion") filed by Plaintiffs RENEW Northeast; Alliance for Clean Energy New York, Inc.; Renewable Northwest; Southern Renewable Energy Association; Interwest Energy Alliance; Mid-Atlantic Renewable Energy Coalition Action; Clean Grid Alliance; Carolina Clean Energy Business Association; and the Green Energy Consumers Alliance (collectively, "Plaintiffs"). The Court finds that Plaintiffs are likely to succeed on the merits of their claims and that, if the Motion is not granted, Plaintiffs and their members will be irreparably harmed, individually and collectively, by each of the six challenged agency actions (collectively, "the Agency Actions"):

1. The July 15, 2025 memorandum from U.S. Department of the Interior ("DOI") Deputy Chief of Staff Gregory Wischer, titled "Department Review Procedures for Decisions, Actions, Consultations, and Other Undertakings Related to Wind and Solar Energy Facilities" (the "DOI Renewable Bottleneck Memorandum");

2. Secretarial Order 3438, issued August 1, 2025, titled "Managing Federal Energy Resources and Protecting the Environment" (the "Federal Lands Anti-Renewable Order");

3. The September 18, 2025 memorandum from Assistant Secretary of the Army for Civil Works Adam Telle, titled "Direction on Reviewing Permit Applications Related to Energy Generation" (the "Corps' Anti-Renewable Memorandum");

4. The U.S. Fish and Wildlife Service's prohibition on the issuance of Bald and Golden Eagle Protection Act incidental take permits for wind energy facilities (the "Eagle Take Permit Ban");

5. The decision by the U.S. Fish and Wildlife Service to prevent solar and wind developers from accessing its Information for Planning and Consultation ("IPaC") database (the "Wind and Solar IPaC Ban"); and

6. DOI Solicitor's Office M-Opinion 37086, issued on May 1, 2025, titled "Withdrawal of Solicitor's Opinion M-37067 and Reinstatement of M-Opinion 37059, *Secretary's Duty to Prevent Interference with Reasonable Uses of Exclusive Economic Zone, the High Seas, and the Territorial Seas in Accordance with Outer Continental Shelf Lands Act Subsection 8(p)*, Alternate Energy-related Uses on the Outer Continental Shelf" (the "Zerzan/Jorjani Opinion").

Accordingly, it is hereby

ORDERED that the Motion is GRANTED; it is further

ORDERED that Defendants, their agents, and anyone acting in concert or in participation with Defendants are hereby preliminarily enjoined from implementing, instituting, maintaining, or

- 3 -

otherwise giving effect to the Anti-Renewable Agency Actions in any respect, pending a trial on the merits of this action, or until further order of this Court; and it is further

ORDERED that no security bond shall be required under Federal Rule of Civil Procedure 65(c).

This is the _____ day of _____, 2026.

_____
Chief Judge Denise J. Casper
United States District Court for the
District of Massachusetts