# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RENEW NORTHEAST, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>    Defendants. | Case No. 1:25-CV-13961 |

## UNOPPOSED MOTION AND INCORPORATED MEMORANDUM OF LAW OF ENVIRONMENTAL ORGANIZATIONS FOR LEAVE TO FILE AN *AMICI CURIAE* BRIEF

Proposed *Amici Curiae* Conservation Law Foundation, Citizens Campaign for the Environment, Environmental Defense Fund, Environmental League of Massachusetts, Environmental Protection Information Center, National Wildlife Federation, Natural Resources Defense Council, New York League of Conservation Voters, and Sierra Club (collectively "Environmental Organizations"), respectfully move for leave to submit a brief in support of Plaintiffs' motion for a preliminary injunction, Dkt. No. 35, against the challenged agency actions that prevent the development of wind and solar projects. As described below, the Environmental Organizations' participation as *amici* would help ensure a complete presentation of the issues relevant to the preliminary injunction motion. For these and the following reasons, the Court should grant the Environmental Organizations leave to file the *amici curiae* brief.

While this Court's Local Rules do not address amicus briefs, federal district courts "have inherent authority and discretion to appoint amici." *Boston Gas Co. v. Century Indem. Co.*, No. 02-CV-12062, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006). Indeed, district courts "frequently welcome amicus briefs from non-parties concerning legal issues that have potential

ramifications beyond the parties directly involved." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1067 (N.D. Cal. 2005). Amicus briefs can "assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) (cleaned up).

The Environmental Organizations are nonprofit organizations dedicated to protecting public health, communities, the environment, and wildlife. As part of their work, the Environmental Organizations support the thoughtful, responsible, and equitable deployment of wind and solar power in the United States, and firmly believe that the development of wind and solar power can be compatible with protecting ecosystems and the communities that rely on them. For this reason, the Environmental Organizations support the responsible development of U.S. wind and solar power as important alternatives to fossil fuel-fired electricity generation that create critical climate, environmental, public health, and community benefits.

*Amicus Curiae* Conservation Law Foundation (CLF) is a nonprofit environmental advocacy organization working to protect New England's environment for the benefit of all people and seeks to advance sound clean energy policies that strengthen the region's economic vitality and achieve climate mandates established by state laws. CLF has offices in all six New England states. CLF's advocacy has led to the passage and implementation of several key climate laws and mandatory greenhouse gas reductions in five out of the six New England states, with the climate laws of Massachusetts, Connecticut, Rhode Island, and Maine requiring procurements of offshore wind energy. CLF has also worked for decades on ocean conservation, focusing on ending overfishing, protecting ecologically important marine habitat, and ensuring

the survival and recovery of North Atlantic right whales. CLF strongly supports the development of responsible offshore wind in New England that avoids, minimizes, and mitigates environmental impacts because it is essential to address climate change and its detrimental effects on the ocean. Responsible offshore wind is crucial for transitioning to a renewable energy future and ensuring the New England states that have adopted mandatory greenhouse gas emission reductions stay on track to meet their obligations.

*Amicus Curiae* Citizens Campaign for the Environment (CCE) is a 501(c)(4) nonprofit organization that was formed in 1985 by a group of concerned citizens on Long Island to advance stronger environmental policy. Today, CCE has over 100,000 members across New York State and Connecticut, including approximately 40,000 members on Long Island. CCE engages in education, research, lobbying, and public outreach efforts to advocate for solutions to numerous environmental and climate change-related issues threatening our communities. As part of this work, CCE supports the transition from fossil fuels to renewable energy infrastructure. CCE has been a strong proponent of offshore wind for almost two decades, forging close relationships with many other stakeholders in offshore wind development, including labor organizations, small businesses, chambers of commerce, faith-based organizations, and environmental groups. CCE is a founding member of Wind Works New York, a coalition of stakeholders (including several other *Amici* here) that works collaboratively to advance offshore wind as a meaningful power source for New York.

*Amicus Curiae* Environmental Defense Fund (EDF) is a membership organization with 323,351 members in the United States whose mission is to build a vital Earth for everyone by preserving the natural systems on which all life depends. Guided by expertise in science, economics, law, and business partnerships, EDF seeks practical and lasting solutions to address

environmental problems and protect human health, including renewable energy. EDF works with partners across the private and public sectors to engage in utility regulatory forums throughout the United States. EDF is a member of the New England Power Pool (NEPOOL) and regularly appears before state and federal regulators in support of policies that will enable robust clean energy development.

*Amicus Curiae* Environmental League of Massachusetts (ELM) is a 501(c)(3) nonprofit environmental advocacy organization, based in Massachusetts, working to deliver policy solutions that match the scale and complexity of the climate crisis. ELM employs thoughtful advocacy and strategic partnerships and focuses on seizing our state's greatest opportunities to reduce emissions: catalyzing our clean energy transition, greening our buildings, and electrifying our transportation. ELM's advocacy has led to the passage and implementation of several key climate laws including those that created mandatory greenhouse gas reduction targets, renewable portfolio standards, solar incentive programs, offshore wind procurements, and reforms to state procedures for clean energy siting. ELM is also the co-founder and director of New England for Offshore Wind, a coalition of over 100 environmental and clean energy advocates, labor unions, business associations, and academics that is committed to combating climate change by increasing the supply of clean energy to the northeast through more procurements of responsibly developed offshore wind.

*Amicus Curiae* Environmental Protection Information Center (EPIC) is a 501(c)(3) nonprofit, grassroots environmental organization based in Humboldt County, California. Since 1977, EPIC has advocated for the science-based protection and restoration of Northwest California's lands, waters, and wildlife using an integrated approach combining public education, citizen advocacy, and strategic litigation. Today, climate change poses a significant threat to the

ecosystems that EPIC exists to protect. Sea level rise, drought, and the impact of wildfires in our region are all projected to increase if greenhouse gas emissions are not curbed. EPIC thus supports the responsible development of renewable energy projects in Northern California, not despite its mission but because of it. For several years, EPIC has been closely monitoring the federal permitting processes for the two wind projects proposed off the coast of Humboldt and has been using the established permitting process to advocate for responsible offshore wind development. For example, in February 2025, EPIC, along with a coalition of other organizations, commented on the Bureau of Ocean Energy Management's (BOEM) Draft California Offshore Wind Programmatic Environmental Impact Statement, urging BOEM to continue to advance responsible offshore wind development off the coast of California. EPIC is also keenly interested in solar energy, as large solar projects are important to the California grid system generally, and a large component of the local energy mix in Humboldt County.

*Amicus Curiae* National Wildlife Federation (NWF) is one of the nation's largest private nonprofit conservation, education, and advocacy organizations, representing approximately seven million members and supporters across the United States. For more than 88 years, NWF has advanced conservation of America's wildlife, lands, waters, and the communities that depend on them. Since 2010, NWF has actively supported the responsible development of offshore wind energy as a clean, renewable energy source that can benefit communities and wildlife. NWF's Offshore Wind Energy Program aims at supporting efforts to ensure that offshore wind energy projects are done responsibly, meaning that they avoid, minimize, and mitigate impacts to coastal and marine wildlife and habitats. NWF has participated in almost every BOEM proceeding related to offshore wind siting, leasing, and permitting since the launch of BOEM's renewable energy program, submitting nearly 70 comments since 2018. NWF drafts

5

technical comments, collaborates with national and local conservation organizations and wildlife experts, and engages with state procurement and permitting processes to ensure that offshore wind decisions comply with environmental law and policy, reflect the best available science, and balance clean energy advancement with the protection of wildlife and natural resources. At the state and regional levels, NWF has helped to establish, lead, or participate in coalitions of partners supporting the responsible development of offshore wind energy in New England, New York, New Jersey, Delaware, Maryland, Virginia, North Carolina, Louisiana, Texas, California, and Oregon. Additionally, NWF holds appointed seats on technical state advisory boards in Massachusetts, Connecticut, New York, and New Jersey. In Louisiana and Oregon, NWF is currently supporting state offshore wind roadmapping processes. Through this sustained engagement, NWF developed significant expertise at the intersection of offshore wind energy development and wildlife conservation policy.

*Amicus Curiae* Natural Resources Defense Council (NRDC) is a nonprofit membership organization with hundreds of thousands of members nationwide. NRDC's mission is to safeguard the Earth: its people, its plants and animals, and the natural systems on which all life depends. As part of that mission, NRDC has long supported the responsible and equitable development of wind and solar power as renewable sources of energy necessary to secure the United States' clean energy future. For years, NRDC has worked in coalitions (including with other *Amici*) focused on advocacy for policies to support the deployment of clean energy, including wind and solar power. NRDC advocates at the federal, state, and local levels for policies that will support the rapid development of renewable energy. NRDC has also worked for years in coalitions to ensure that wind and solar power development are conducted in environmentally responsible and equitable ways, including through the development and

promotion of best management practices for solar and wind projects, and through engagement with coastal communities and Tribes to ensure offshore windport development addresses community concerns. NRDC has worked closely with collaborative science-based organizations, and with similar state and federal bodies to ensure that both onshore and offshore wind power and other forms of renewable energy are developed in a manner compatible with healthy communities and wildlife populations. NRDC has engaged extensively on the U.S. Fish and Wildlife Service's eagle take permit program, in collaboration with renewable energy industry and conservation partners, including by commenting on the Bald and Golden Eagle Protection Act 2024 rule. In recent years, NRDC has commented on state procurement policies for onshore and offshore wind; BOEM offshore wind lease sales; programmatic environmental impact statements for offshore wind; and environmental reviews for offshore wind construction and operations plans.

*Amicus Curiae* New York League of Conservation Voters (NYLCV) is a 501(c)(4) non-partisan, statewide environmental advocacy organization committed to advancing policies that protect clean water, healthy air, renewable energy, and open space across New York State. NYLCV represents more than 105,000 members statewide, approximately 23,000 of whom are on Long Island and over 25,000 in New York City. For more than 35 years, NYLCV has engaged in advocacy, public education, and accountability initiatives to promote sound environmental policy at the state and local levels. As part of its longstanding commitment to combating climate change and building a clean energy future, NYLCV has consistently supported responsible offshore wind development as a critical component of New York's transition away from fossil fuels and to address increased energy demand. NYLCV is a founding member of Wind Works New York, a broad coalition of environmental, labor, and community

stakeholders—several of whom are also *Amici*—working to advance offshore wind energy and ensure its environmental, economic, and public health benefits are realized across the State.

*Amicus Curiae* Sierra Club is the nation's oldest and largest grassroots environmental organization with hundreds of thousands of members nationwide and chapters and local groups active in every state. Sierra Club's mission is to explore, enjoy, and protect the wild places of the Earth. Sierra Club seeks to solve the climate crisis in a way that protects the environment and is enduring, fair, and equitable, while stewarding our natural resources to safeguard them for present and future generations. Sierra Club strongly supports the responsible development of clean, renewable energy, including both onshore and offshore wind energy and solar energy. Sierra Club has engaged to support the financing of wind and solar energy projects, including through its advocacy to create and defend the federal investment and production tax credits, and in state proceedings awarding renewable energy credits or power purchase agreements to individual projects. Sierra Club has engaged in both shaping the environmental permitting and siting processes applicable to renewable energy projects in states such as New York, as well as in implementing and applying these processes to help ensure that responsibly sited projects with appropriate environmental mitigation measures are approved and constructed. Sierra Club has engaged in resource planning proceedings before state public utility commissions to advocate for greater procurement of renewable energy and has supported transmission projects needed to bring wind energy from the locations where it is produced to load centers. In the context of offshore wind, Sierra Club has actively engaged at all stages of the leasing and project development process with a goal of accelerating the development of offshore wind that appropriately minimizes and mitigates environmental impacts. This work includes meeting with individual project developers regarding environmental mitigation measures, submitting

comments to BOEM on all aspects of project review, and engaging our members to speak at public hearings.

The Environmental Organizations' proposed *Amici* brief, attached as Exhibit A, will assist the Court's consideration of the preliminary injunction motion. The brief is based on the Environmental Organizations' unique experience with and perspective regarding the wind and solar power industries, including on the immense environmental and public health benefits from wind and solar development, the best practices for mitigating wind and solar power's potential environmental impacts, and the statutory and regulatory permitting requirements that, when followed faithfully, can ensure wind and solar development proceed in an environmentally responsible manner. The brief presents the critical environmental, climate, and public health benefits that the deployment of wind and solar power provide; explains why the "capacity density" metric is an arbitrary measure of energy projects' impact on the environment and public lands; explains why the Fish and Wildlife Service's Eagle Take Permit Ban is unsupported and irrational; and shows how the agencies' orders violate the Administrative Procedure Act's procedural requirements.

No party will be prejudiced by the Environmental Organizations' brief. Environmental Organizations submit this motion four days after Plaintiffs filed their motion for a preliminary injunction, Dkt. No. 35, and ten days before Defendants' default deadline to respond, *see* LCvR 7.1(b)(2). Under Local Civil Rule 7.1(a)(2), counsel for *Amici* conferred with counsel for Plaintiffs and Defendants. Plaintiffs consent to this filing; Defendants take no position.

Because the Local Rules do not dictate the length of an acceptable amicus brief, the Environmental Organizations have used Federal Rules of Appellate Procedure 29(a)(5) and Local Rule 7.1(b)(4) for guidance and limited our brief to 20 pages. *Compare* Dkt. No. 36

(Plaintiffs' principal preliminary injunction brief is 50 pages), *with* Fed. R. App. P. 29(a)(5) (limiting amicus briefs to one-half the limit for a party's principal brief), *and* LCvR 7.1(b)(4) (generally limiting a brief in support of a motion to 20 pages).

Finally, Environmental Groups affirm that no counsel for a party authored the attached brief in whole or in part, and no person other than Environmental Groups or their counsel made any monetary contributions intended to fund the preparation or submission of the brief. *Cf.* Fed. R. App. P. 29(a)(4)(E).

Dated: January 16, 2026                                  Respectfully submitted,

|  |  |
|---|---|
| Natasha Brunstein* <br> Natural Resources Defense Council <br> 40 West 20th Street, Floor 11 <br> New York, NY 10011 <br> Phone: (212) 727-2700 <br> Email: nbrunstein@nrdc.org | By: */s/ Erica A. Fuller* <br> Erica A. Fuller (BBO #669647) <br> Conservation Law Foundation <br> 62 Summer Street <br> Boston, MA 02110 <br> Phone: (617) 850-1727 <br> Email: efuller@clf.org |
| Simi Bhat* <br> Natural Resources Defense Council <br> 111 Sutter Street, Floor 21 <br> San Francisco, CA 94104 <br> Phone: (415) 875-6110 <br> Email: sbhat@nrdc.org | *Counsel for Amici Citizens Campaign for the Environment, Conservation Law Foundation, Environmental League of Massachusetts, Environmental Protection Information Center, National Wildlife Federation, Natural Resources Defense Council, New York League of Conservation Voters, and Sierra Club* |
| Julia K. Forgie* <br> Natural Resources Defense Council <br> 1314 Second Street <br> Santa Monica, CA 90401 <br> Phone: (301) 434-2300 <br> Email: jforgie@nrdc.org | /s/ *Megan M. Herzog* <br> Megan M. Herzog (BBO #682948) <br> Donahue, Goldberg & Herzog <br> 1008 Pennsylvania Avenue SE <br> Washington, DC 20003 <br> Phone: (650) 353-8719 <br> Email: megan@donahuegoldberg.com |
| *Counsel for Amici Natural Resources Defense Council, Citizens Campaign for the Environment, Environmental League of Massachusetts, Environmental Protection Information Center, and New York League of Conservation Voters* | *Counsel for Amicus Environmental Defense Fund* |

Lucy Lefkowitz*  
National Wildlife Federation  
11100 Wildlife Center Drive  
Reston, VA 20190  
Phone: (202) 797-6625  
Email: lefkowitzl@nwf.org  

*Counsel for Amicus National Wildlife Federation*

Aaron Bloom*  
Earthjustice  
48 Wall Street, Floor 15  
New York, NY 10005  
Phone: (917) 410-8727  
Email: abloom@earthjustice.org  

*Counsel for Amicus Sierra Club*

\* Certification for admission pro hac vice to follow

**CERTIFICATE OF SERVICE & RULE 7.1 CERTIFICATION**

I, Erica A. Fuller, certify that this document was filed through the CM/ECF system on January 16, 2026, and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF). I also certify that on January 15, 2026, counsel for proposed *Amici Curiae* conferred with counsel for Plaintiffs and Defendants. Plaintiffs consent to this motion; Defendants take no position.

/s/ Erica A. Fuller
Erica A. Fuller