IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

RENEW NORTHEAST, et al.,

*Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF
THE INTERIOR, et al.,

*Defendants.*

Case No. 1:25-cv-13961

**DECLARATION OF GINA SHULTZ**

I, Gina Shultz, declare that the following statements are true and correct to the best of my knowledge and belief.

1.      I am Acting Assistant Director for the Ecological Services Program of the U.S. Fish and Wildlife Service ("FWS" or "Service"), an agency of the U.S. Department of the Interior ("DOI"), located in Washington, D.C. I have served in this position since February 10, 2025. In my capacity as the Acting Assistant Director for the Ecological Services Program, I am responsible to the Director of the FWS and to the Secretary of the Interior for the administration of the Endangered Species Act ("ESA" or "Act"), 16 U.S.C. §§ 1531-1544, including the Service's Information for Planning and Consultation (IPaC) system. This declaration is based in part on my personal knowledge, and in part on knowledge and information from subordinates provided to me in my official capacity.

2.      I am aware of the lawsuit filed by RENEW Northeast, Mid-Atlantic Renewable Energy Coalition Action, Alliance for Clean Energy – New York, Renewable Northwest, Southern Renewable Energy Association, Interwest Energy Alliance, Clean Grid Alliance, and

the Carolinas Clean Energy Business Association, challenging the United States Department of the Interior's ("DOI"); Bureau of Land Management's ("BLM"); Bureau of Ocean Energy Management's ("BOEM"); Bureau of Safety and Environmental Enforcement's ("BSEE"); Service's; and United States Army Corps of Engineers' ("USACE" or the "Corps") alleged actions as they relate to wind and solar energy projects.

3. Section 7 of the ESA requires Federal agencies, in consultation with and with the assistance of the Secretaries of the Interior and Commerce, to insure that any action authorized, funded, or carried out by such agencies is not likely to jeopardize the continued existence of endangered or threatened species or result in the destruction or adverse modification of critical habitat of such species. 16 U.S.C. § 1536(a)(2).

4. On July 15, 2025, the DOI issued a memorandum entitled "Departmental Review Procedures for Decisions, Actions, Consultations, and Other Undertakings Related to Wind and Solar Energy Facilities." Among other things, the memorandum stated:

> all decisions, actions, consultations, and other undertakings—including but not limited to the following—related to wind and solar energy facilities shall require submission to the Office of the Executive Secretariat and Regulatory Affairs, subsequent review by the Office of the Deputy Secretary, and final review by the Office of the Secretary
> . . .
> 63. consultation under the Magnuson-Stevens Fishery Conservation and Management Act, Endangered Species Act (ESA), Migratory Bird Treaty Act (MBTA), and Bald and Golden Eagle Protection Act (BGEPA);
> 64. permits under the ESA, MBTA, and BGEPA;
> 65. biological assessments;
> 66. biological opinions; . . .
> 69. any other similar or related decisions, actions, consultations, or undertakings.

5. IPaC is an online system designed by the Service to streamline the ESA section 7 consultation process. Since 2012, it has allowed Federal agencies and applicants to automatically obtain official species lists, as required per 50 CFR § 402.12. Federal agencies, applicants, and others also frequently use this functionality to obtain information regarding threatened and endangered species, critical habitats, and other Service Trust resources that may be present in an area.

6.      Since 2016, IPaC has included functionality called determination keys (DKeys) that allows Federal agencies to determine whether their project comports with an existing programmatic consultation or internal standing analysis. This allows the Service to streamline certain aspects of the ESA section 7 compliance process.

7.      In accordance with the DOI's July 15, 2025, memorandum, the Service has placed a banner on the IPaC website stating, "Consistent with the July 15, 2025, Department of the Interior's memorandum titled, 'Departmental Review Procedures for Decisions, Actions, Consultations, and other Undertakings Related to Wind and Solar Energy Facilities,' solar and wind projects are currently not eligible to utilize the Information for Planning and Consultation website prior to review by the Office of the Deputy Secretary, and final review by the Office of the Secretary. Please contact the appropriate FWS Field Office to commence the DOI review process."

8.      As the banner makes clear, wind and solar projects are not categorically prohibited from using IPaC.  Rather, "solar and wind projects are currently not eligible to utilize the Information for Planning and Consultation website *prior to review by the Office of the Deputy Secretary, and final review by the Office of the Secretary*."  *Id*. (emphasis added). The Service has developed, and is implementing, a process by which to seek such Departmental review. To the best of my knowledge, no requests for access to IPaC for an ESA Section 7 consultation have been received and, hence, none have been submitted for Departmental review in accordance with the July 15, 2025, memorandum.

9.      In addition, while an applicant may prefer to use IPaC for convenience, IPaC is not required for ESA section 7 consultation. The Service consulted with other Federal agencies for decades before IPaC; IPaC is a relatively new tool.  Section 7 of the ESA and its implementing regulations at 50 CFR Part 402 neither require use of IPaC nor grant a right to its use. Separate and apart from IPaC, Federal agencies and applicants can obtain relevant species information for ESA consultation purposes from the appropriate Service Field Office, subject to the procedures

outlined in the July 15, 2025, memorandum.

10.     Lastly, DKeys also are a relatively new tool. Many activities are not yet addressed through DKeys, or if they are, those DKeys may not address all listed species or critical habitats (this is determined by the scope of the programmatic consultation or standing analysis).

11.     Plaintiffs' joint declaration contends that, for Nemo Wind, the "permitting process has been indefinitely halted." Paragraph 139.  That is not the case.  The Service has developed and is in the process of submitting a Departmental review package, per the July 15, 2025, memorandum. After review by the Department, the Service will continue to process the draft Habitat Conservation Plan and incidental take permit application, in accordance with ESA section 10 permitting procedures, as appropriate.


This declaration is made pursuant to 28 U.S.C. § 1746.  I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed this 9th day of February, 2026.

GINA SHULTZ

Digitally signed by GINA SHULTZ
Date: 2026.02.09 15:46:11 -05'00'

Gina Shultz
Acting Assistant Director for Ecological Services
U.S. Fish and Wildlife Service