**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

RENEW NORTHEAST, et al.,

                *Plaintiffs,*

       v.

UNITED STATES DEPARTMENT OF THE
INTERIOR, et al.,

             *Defendants.*

Civil Action No. 1:25-cv-13961-DJC

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM OR
<u>CLARIFICATION OF PRELIMINARY INJUNCTION ORDERS</u>**

**TABLE OF CONTENTS**

**Page**

ARGUMENT ......................................................................................................................2

    A.    Defendants Have Not Presented the Requisite Exceptional Circumstances
Justifying Relief Under Rule 60(b)(6) .......................................................................2

        1.    Plaintiffs' Membership Information Has Already Been Provided ..............3

        2.    Defendants Have Not Indicated That They Cannot Comply with
this Court's Decision....................................................................................3

        3.    Defendants' Arguments for Relief Impermissibly Relitigate Issues
This Court Has Already Decided and Otherwise Fail .................................4

                a.    DOI Review Procedures Memo ...........................................................5

                b.    DOI Land Order and Corps' Memo....................................................6

                c.    Zerzan M-Opinion .............................................................................6

    B.    The Court's Order is Clear and Unambiguous .........................................................7

        1.    Defendants Are Not Prohibited from Taking Lawful Action .....................8

        2.    The Order is Clear with Respect to Implementation .................................9

CONCLUSION.................................................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*,
768 F. Supp. 3d 1 (D.D.C. 2025) ................................................................................10, 13

*BLOM Bank SAL v. Honickman*,
605 U.S. 204 (2025) ...............................................................................................................2

*Brown v. Bussone*,
754 F. Supp. 2d 163 (D. Mass. 2010) ...................................................................................9

*Giroux v. Fed. Nat. Mortg. Ass'n*,
810 F.3d 103 (1st Cir. 2016) ..............................................................................................5, 7

*Hayes v. Douglas Dynamics, Inc.*,
8 F.3d 88 (1st Cir. 1993) ........................................................................................................3

*In re City of Fall River, Mass.*,
470 F.3d 30 (1st Cir. 2006) ..................................................................................................11

*Maple St. Holdings, LLC v. Arch Specialty Ins. Co.*,
No. 3:23-CV-30127-MGM, 2026 WL 937992 (D. Mass. Apr. 7, 2026)..................................2

*Massachusetts v. Trump*,
790 F. Supp. 3d 8 (D. Mass. 2025) ......................................................................................10

*Nat'l Treasury Emps. Union v. Vought*,
No. CV 25-0381 (ABJ), 2025 WL 3771192 (D.D.C. Dec. 30, 2025) ..................................8, 9

*Negrón-Almeda v. Santiago*,
528 F.3d 15 (1st Cir. 2008) ....................................................................................................8

*New York v. Trump*,
811 F. Supp. 3d 215 (D. Mass. 2025) ..................................................................................10

*Piard v. Matewsky*,
No. CV 24-40128-DHH, 2026 WL 1133366 (D. Mass. Apr. 27, 2026) ..................................2

*State St. Corp. v. Stati*,
No. CV 20-12052-LTS, 2021 WL 2117187 (D. Mass. Feb. 9, 2021), *report
and recommendation adopted*, No. CV 20-12052-LTS, 2021 WL 1010697 (D.
Mass. Feb. 25, 2021)................................................................................................................8

*Texas v. Cardona*,
   743 F. Supp. 3d 824 (N.D. Tex. 2024), *appeal dismissed sub nom. Texas v. McMahon*, No. 24-10910, 2025 WL 2840825 (5th Cir. Apr. 23, 2025) ..................................11

*Town & Cnty. of Nantucket v. Burgum*,
   No. 25-cv-906, 2025 WL 3120419 (D.D.C. Nov. 4, 2025) ..........................................................7

*U.S. Sec. & Exch. Comm'n v. Ahmed*,
   No. 15-CV-13042-ADB, 2021 WL 916266 (D. Mass. Mar. 10, 2021).......................................2

*Vaqueria Tres Monjitas, Inc. v. Laboy*,
   No. CV 04-1840 (DRD), 2007 WL 9717626 (D.P.R. Aug. 2, 2007) .......................................10

*Williams v. Lesiak*,
   822 F.2d 1223 (1st Cir. 1987)......................................................................................................9

## STATUTES

5 U.S.C. § 702............................................................................................................................12

## RULES

Fed. R. Civ. P. 60(b)(6)...............................................................................................................2

## REGULATIONS

30 C.F.R. § 585.102 .....................................................................................................................7

Defendants' motion is simply an attempt to relitigate points Defendants already raised and this Court rejected in a reasonable and clear preliminary injunction decision preventing Defendants from implementing or otherwise taking any action to carry out a slew of unlawful agency actions designed to halt all solar and wind development.[1]  With the benefit of detailed substantive briefing and oral argument, this Court entered a thorough 73-page Memorandum and Order ("Memorandum Opinion"), Dkt. 89, and Order, Dkt. 90.  Now, a month later, without providing any supporting evidence that they cannot comply with this Court's Order, Defendants have filed a motion for relief from or clarification of the preliminary injunction ("Motion").  Dkt. 93.

But Defendants do not come close to clearing the undisputedly high bar for seeking relief under either the Federal Rules of Civil Procedure or the Court's equitable authority.  At the threshold, on May 21, 2026, Plaintiffs provided Defendants with the membership information that Defendants claim justifies relief, so Defendants' request that the Court order Plaintiffs to provide that information is moot.  More fundamentally, while claiming that they do not intend to relitigate issues already decided by this Court, Defendants' Motion does exactly that.  Selectively quoting from this Court's Memorandum Opinion and Order, Defendants rehash their preliminary injunction opposition arguments by saying that compliance with the Court's preliminary injunction

---

[1] Defendants' motion focuses on four of the enjoined agency actions: (1) the Department of the Interior's ("DOI") July 15, 2025 memorandum entitled *Departmental Review Procedures for Decisions, Actions, Consultations, and Other Undertakings Related to Wind and Solar Energy Facilities* ("DOI Review Procedures Memo"); (2) Section 4 of DOI Secretary Burgum's August 1, 2025 Secretarial Order No. 3438 entitled *Managing Federal Energy Resources and Protecting the Environment* ("DOI Land Order"); (3) Section 4(c) of the United States Army Corps of Engineers' September 18, 2025 memorandum entitled *Direction on Reviewing Permit Applications Related to Energy Generation Projects* ("Corps' Memo"); and (4) then-Acting DOI Solicitor, Gregory Zerzan's May 1, 2025 M-Opinion 37086 entitled *Withdrawal of Solicitor's Opinion M-37067 and Reinstatement of M-Opinion 37059, Secretary's Duty to Prevent Interference with Reasonable Uses of Exclusive Economic Zone, the High Seas, and the Territorial Seas in Accordance with Outer Continental Shelf Lands Act Subsection 8(p), Alternate Energy-related Uses on the Outer Continental Shelf* ("Zerzan M-Opinion").

1

will hamper Defendants' ability to take other lawful actions not covered by the enjoined agency actions. This is not so—as is clear from the text of the Court's Memorandum Opinion and Order. While Plaintiffs have no objection to Defendants' request to duplicate certain language from the Court's Memorandum Opinion in the text of the Order as specifically discussed further below, broader clarification is unnecessary and this Court should reject Defendants' attempt to narrow the scope of relief to which Plaintiffs are entitled. Plaintiffs respectfully request that the Court deny Defendants' Motion.

**ARGUMENT**

**A.     Defendants Have Not Presented the Requisite Exceptional Circumstances Justifying Relief Under Rule 60(b)(6)**

Defendants' alleged concerns underpinning their requested relief are overstated and do not come close to meeting the high bar they concede (at 2) applies when seeking relief under the "catchall" subsection (b)(6) of Rule 60. This Court has made clear that "[r]elief under Rule 60(b) is extraordinary in nature and, thus, motions invoking that rule should be granted sparingly." *Maple St. Holdings, LLC v. Arch Specialty Ins. Co.*, No. 3:23-CV-30127-MGM, 2026 WL 937992, at *8 (D. Mass. Apr. 7, 2026) (citation and quotations omitted); *see also U.S. Sec. & Exch. Comm'n v. Ahmed*, No. 15-CV-13042-ADB, 2021 WL 916266, at *2 (D. Mass. Mar. 10, 2021) (same and providing that this conclusion is an "abecedarian principle") (citation omitted). Under Rule 60(b)(6), a party may request relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, the Supreme Court has "consistently held" that under the "catchall" subsection (b)(6) in particular, "only 'extraordinary circumstances' can justify relief," *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 206 (2025), and this Court has held that relief under this subsection "is available only in narrow circumstances[,]" *Piard v. Matewsky*, No. CV 24-40128-DHH, 2026 WL 1133366, at *1 (D. Mass. Apr. 27, 2026). Defendants have not presented the requisite

2

"'exceptional' circumstances" justifying the extraordinary relief they have requested; thus, their Rule 60(b)(6) motion should be denied. *See Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90 n.3 (1st Cir. 1993).

### 1. Plaintiffs' Membership Information Has Already Been Provided

As an initial matter, Defendants argue (at 4, 6) that relief is required because Plaintiffs have not identified any of the Plaintiff-organization members. However, on May 21, 2026, Plaintiffs' new counsel provided Defendants' counsel with the requested membership information for seven out of eight Plaintiff organizations. Declaration of Janice M. Schneider in Support of Plaintiffs' Opposition to Defendants' Motion for Relief From or Clarification of Preliminary Injunction Orders (hereinafter "Schneider Decl.") ¶ 6.[2] Plaintiffs' counsel followed up the very next day to provide the remaining organization's membership information.[3] *Id*. ¶ 7. Thus, Defendants cannot claim entitlement to relief on this basis.

### 2. Defendants Have Not Indicated That They Cannot Comply with this Court's Decision

Tellingly, while Defendants indicate (at 2, 4-5) that relief or clarification is required to ensure their compliance with this Court's Order, Defendants have not provided any indication that they cannot comply with the Court's Order. Defendants' bare-bones Motion, void of any declarations in support, stands in stark contrast to other cases in which the government has presented evidence, including declarations from government officials, detailing their efforts and

---

[2] Plaintiffs' counsel at Troutman Pepper Locke LLP had sent an email, acknowledging counsel for Defendants' request for identification of Plaintiff-organization members, and Plaintiff organizations proceeded to gather the requested information. Schneider Decl. ¶¶ 3-4. Although undersigned new counsel requested an opportunity to meet and confer about the case, Defendants' counsel proceeded to file the instant motion instead. *Id*. ¶ 5.

[3] On both occasions in transmitting the information requested by Defendants, Plaintiffs' counsel reserved the right to supplement the information provided with additional members and reserved all arguments regarding the scope of the injunction. Schneider Decl. ¶¶ 6-7.

3

challenges to comply with court orders from which they were seeking relief. *See, e.g.*, Defendants' Motion to Clarify the Preliminary Injunction, *State of Washington v. Trump*, No. 1:20-cv-03127-SAB, Dkt. 83 (E.D. Wash. filed Sept. 23, 2020) (explaining an independent agency's "immediate[]" efforts to comply with a preliminary injunction and limitations on the agency's ability to comply); Supplemental Declaration of Robert Justin Glass, *State of Washington v. Trump*, No. 1:20-cv-03127-SAB, Dkt. 83-3 (E.D. Wash. filed Sept. 23, 2020) (same). Defendants' failure to present any evidence of an inability to comply with the Court's Order is another factor that weighs heavily against granting any relief.[4]

### 3. Defendants' Arguments for Relief Impermissibly Relitigate Issues This Court Has Already Decided and Otherwise Fail

Throughout their Motion (at 4-8), Defendants rehash arguments they made during preliminary injunction briefing and otherwise misconstrue the Court's Order in an attempt to relitigate Defendants' argument that a preliminary injunction prohibiting implementation of the actions at issue will hamper Defendants' ability to take other lawful actions not covered by the enjoined agency actions. This is exactly what Defendants already argued in opposition to the preliminary injunction—that "[a]n order stating that Defendants cannot 'give effect to' the agency documents would violate [certain] principles, likely be confusing, fail to comport with Rule 65, and intrude on agency province." Dkt. 63 at 45. This Court has already analyzed and rejected these concerns. *See* Dkt. 89 at 20-33; Dkt. 90 at 2-3. Therefore, this Court should reject

---

[4] Defendants' suggestion (at 3 n. 1) that they need relief to determine whether to appeal the Court's Order to the First Circuit Court of Appeals lacks credibility in light of the clarity of the Court's Memorandum Opinion and Order and Secretary Burgum's testimony before the House Natural Resources Committee on May 13, 2026, that the Court's Order would be appealed. *See also* https://www.c-span.org/program/house-committee/interior-secretary-burgum-testifies-on-fy-2027-budget-and-federal-land-and-natural-resource-part-1/679084 (at 22:50-26:17) (Secretary Burgum responding "yes, absolutely because we reject the whole premise" when asked whether he planned to appeal this Court's Order).

Defendants' attempt to use Rule 60(b)(6) or the Court's inherent authority to relitigate issues already addressed by the Court. *See Giroux v. Fed. Nat. Mortg. Ass'n*, 810 F.3d 103, 108 (1st Cir. 2016) (rejecting a Rule 60(b)(6) motion where the movant "recite[d] issues [they] already raised").

### a.    DOI Review Procedures Memo

In regard to the DOI Review Procedures Memo, Defendants mischaracterize this Court's Memorandum Opinion by arguing (at 6) that the Opinion "seemingly prevent[s] the Secretary from discharging his statutory duties and from performing core oversight functions of his job, regardless of the outcome of that oversight or the potential harm (or benefit) to Plaintiffs' membership." Defendants already presented this argument to the Court in opposition to the preliminary injunction motion, claiming that "an order stating that Defendants are prohibited from 'giving effect' to [the DOI Review Procedures Memo] could seemingly suggest that Interior is prohibited from elevating decisions to its leadership for review when that capability is authorized by the relevant statutes." Dkt. 63 at 45-46.    The Court has already analyzed and rejected these concerns.    The Court acknowledged the Secretary's continued discretionary authority, finding that "the Regional Organization Plaintiffs' members' economic injuries can be traceable 'even though the [Agency Defendants] might reach the same result exercising [their] discretionary powers lawfully. . . .'" Dkt. 89 at 21 (alterations in original).    The scope of the injunction is clear—it prohibits implementation of the DOI Review Procedures Memo's "mandate[] that all DOI offices 'shall require' the three-tiered review procedure under the memo for wind and solar energy projects[.]" *Id.* at 25; *see also* Dkt. 90 at 2 ("Defendants are enjoined from implementing the DOI Review Procedures Memo or otherwise taking any steps to require agency action related to wind and solar energy facilities to be submitted to the Office of the Executive Secretariat and Regulatory Affairs, subsequently reviewed by the Office of the Deputy Secretary and finally reviewed by the Office

of the Secretary as a prerequisite of said action[.]"").  Thus, Defendants' suggestion (at 2) that the injunction somehow prevents them "from approving energy project applications" is simply wrong.

### b.    DOI Land Order and Corps' Memo

Similarly, Defendants (at 6-7) cherry pick quotations from this Court's Memorandum Opinion to mischaracterize that Opinion as it relates to the DOI Land Order and the Corps' Memo. Regarding the DOI Land Order, Defendants claim (at 6) that the Court's "Order constrains Interior's identification of alternatives[.]"  But the Court's Order does not constrain identification of reasonable alternatives in any way.  Rather, the Court enjoined implementation of "the requirement that DOI only permit high-capacity-density energy projects. . . ."  Dkt. 89 at 29; *see also* Dkt. 90 at 3.

As to the Corps' Memo, Defendants speculate (at 7) that Plaintiffs might "challenge an alleged prioritization that has no connection to § 4(c) of the Corps' Memo[.]"  As an initial matter, unsubstantiated speculation does not come close to clearing the high bar Defendants admit they must meet for the extraordinary relief they seek.  Moreover, Defendants' criticism is contrary to the Memorandum Opinion.  As the Court recognized, "Section 4(c) of the memo directs the Corps to 'prioritize processing CWA and RHA permit applications related to projects that would generate the most annual potential energy generation per acre over projects with low potential generation per acre.'"  Dkt. 89 at 31.  An order enjoining mandatory prioritization based on an unlawful directive does not constrain the discretion to process permits in the ordinary course under lawful authorities; *see also* Dkt. 90 at 3.

### c.    Zerzan M-Opinion

Finally, Defendants misconstrue the Court's Order in relation to the Zerzan M-Opinion, suggesting (at 8) that the Order "effectively compels upon Interior. . . a specific statutory

interpretation" and "limits[] Interior's ability to exercise its inherent discretion to reconsider prior actions." The inaccuracy of Defendants' strained interpretation of the injunction is clear from the Memorandum Opinion and Order themselves. In preliminarily enjoining implementation of the Zerzan M-Opinion, the Court acknowledged that the Zerzan M-Opinion "*mandate[s]* that DOI 're-evaluate[]' all 'Departmental action taken in reliance on' the withdrawn Anderson M-Opinion[.]" Dkt. 89 at 33 (emphasis added) (alterations in the original). Again, prohibiting a mandatory review based on an unlawful directive does not preclude DOI from taking action under lawful authorities. Moreover, BOEM remains bound by its duly promulgated regulation at odds with the Zerzan M-Opinion's misinterpretation of the Outer Continental Shelf Lands Act ("OCSLA"). *See id.* at 57, 65 (citing 30 C.F.R. § 585.102).

Defendants' reliance (at 8) on another district court's prior grant of the federal government's request for voluntary remand and reconsideration based on the Zerzan M-Opinion in a separate case is inapposite. That grant of voluntary remand was issued many months before this Court's preliminary injunction was issued and that decision did not directly address the validity of the Zerzan M-Opinion. *See Town & Cnty. of Nantucket v. Burgum*, No. 25-cv-906, 2025 WL 3120419 (D.D.C. Nov. 4, 2025).

This Court should reject Defendants' attempts to impermissibly relitigate the preliminary injunction motion and to nullify the relief this Court properly awarded in its Order and Memorandum Opinion. *See Giroux*, 810 F.3d at 108.

**B.    The Court's Order is Clear and Unambiguous**

The Court's Order and the 73-page Memorandum Opinion are unambiguous and clearly delineate the scope of injunctive relief. "When a court 'order is clear and unambiguous' on its face, a reviewing court, including a court reviewing its own order, must adopt and enforce the order in accordance with the order's plain meaning." *State St. Corp. v. Stati*, No. CV 20-12052-

7

LTS, 2021 WL 2117187, at *5 (D. Mass. Feb. 9, 2021), *report and recommendation adopted*, No. CV 20-12052-LTS, 2021 WL 1010697 (D. Mass. Feb. 25, 2021) (quoting *Negrón-Almeda v. Santiago*, 528 F.3d 15, 23 (1st Cir. 2008)).  As Defendants' own authority (cited at 3) makes clear, a motion for clarification "cannot open the door to re-litigating a matter that the court has considered and decided[.]" *Nat'l Treasury Emps. Union v. Vought*, No. CV 25-0381 (ABJ), 2025 WL 3771192, at *3 (D.D.C. Dec. 30, 2025) (citation modified**).**

### 1.    Defendants Are Not Prohibited from Taking Lawful Action

Defendants begin by acknowledging (at 4-5) that the Court's Memorandum Opinion includes language affirming that "[n]othing in this Memorandum or the accompanying Order shall prevent Defendants from taking any lawful action that is not based on the challenged Agency Actions as described herein and in the accompanying Order[,]" Dkt. 89 at 73, but Defendants complain that this language does not appear verbatim in the Order, Mot. at 4-5.  This criticism is unfounded.  The Order, Dkt. 90, and the Memorandum Opinion (titled "Memorandum and Order"), Dkt. 89 at 1, are companion documents issued on the same day and intended to be read together.  Indeed, the Order is clear that it was entered "[p]ursuant to Rule 65(a) of the Federal Rules of Civil Procedure and Local Rule 7.1, and *as reflected in the Court's Memorandum and Order* entered today[.]"  Dkt. 90 at 1 (emphasis added).  Nothing in the Order contradicts, overrides, or is in tension with the Memorandum Opinion's clear holding that Defendants retain authority to take any lawful action not based on the challenged agency actions.

Nonetheless, because duplicating this text of the Memorandum Opinion in the Order would not alter the scope of injunctive relief and would simply restate what this Court already made clear, Plaintiffs have no objection to repeating the Memorandum Opinion text in the Court's Order: "Nothing in [the] Memorandum or [this] accompanying Order shall prevent Defendants from taking any lawful action that is not based on the challenged Agency Actions[.]"  Dkt. 89 at 73.

### 2.      The Order is Clear with Respect to Implementation

Defendants next ask this Court (at 8) to strike language from the Order prohibiting Defendants from "otherwise taking any steps" or "action" to implement the policies or procedures in the DOI Review Procedures Memo, DOI Land Order, Corps' Memo, and Zerzan M-Opinion. Here, Defendants are not seeking clarification—the Court's Order is unambiguous—but instead are seeking to modify the Order by improperly relitigating the scope of the injunctive relief that this Court already granted. *See Nat'l Treasury Emps. Union*, 2025 WL 3771192, at *3 (a motion for clarification "'cannot open the door to re-litigating a matter that the court has considered and decided'"). A Court "may modify . . . an injunction where there has been 'a significant change in the law or facts so as to make modification equitable.'" *Brown v. Bussone*, 754 F. Supp. 2d 163, 166 (D. Mass. 2010).[5] Because the Order is clear and because Defendants have made no claim that there has been a "significant change in the law or facts" to warrant modification, Plaintiffs strongly object to striking the "otherwise taking any steps" language from the Court's Order.

*First*, the "or otherwise taking any steps" language tracks the injunctive relief that Plaintiffs requested in their briefing and that this Court, after full consideration of the parties' arguments, found appropriate. Plaintiffs sought "an order preliminarily enjoining Defendants from implementing or *otherwise giving effect to* the [Agency] Actions with respect to Plaintiff GECA" and "all members of the [Regional Organization Plaintiffs]." Dkt. 77 at 19-20 (emphasis added); *see also* Dkt. 35-1 at 3 (Proposed Order seeking to enjoin Defendants from "otherwise giving effect to the Anti-Renewable Agency Actions in any respect"). The "or otherwise taking any steps"

---

[5] Defendants cite (at 3) *Williams v. Lesiak*, 822 F.2d 1223, 1226-27 (1st Cir. 1987), to claim that in "public law cases" courts retain "considerable latitude in determining the appropriate response to requests for modification or enforcement of the original order." But Defendants ignore that the court was clear to cabin this discretion to "a change in factual circumstances" or changes in the underlying law. *Id.* at 1227. Neither of these conditions are present here.

language ensures that Defendants cannot circumvent the injunction by achieving through the back door what this Court has already enjoined.  Preventing precisely that kind of evasion necessitates prophylactic injunctive language here.  *See AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*, 768 F. Supp. 3d 1, 2 (D.D.C. 2025) (While a TRO "does not restrain the agencies' exercise of authorities under law", it "does not permit Defendants to simply search for and invoke new legal authorities as a post-hoc rationalization for the enjoined agency action."); *Vaqueria Tres Monjitas, Inc. v. Laboy*, No. CV 04-1840 (DRD), 2007 WL 9717626, at *3 (D.P.R. Aug. 2, 2007) (Court noting "concern[s] with 'end around runs' to its injunctive orders").

*Second*, Defendants' specific claims about why the "otherwise taking any steps" language intrudes on agency discretion or statutory obligations are the very same arguments this Court considered and rejected in granting the preliminary injunction.  *See supra*, Section A.3.  For example, with respect to enjoining the mandatory three-tiered review procedure in the DOI Review Procedures Memo, this Court already held that Plaintiffs' injuries are "redressable 'even though the [Defendants] might reach the same result exercising [their] discretionary powers lawfully.'" Dkt. 89 at 21 (citing *Massachusetts v. Trump*, 790 F. Supp. 3d 8, 21 (D. Mass. 2025) and *New York v. Trump*, 811 F. Supp. 3d 215, 230 (D. Mass. 2025) (same)); *see supra*, Section A.3.a.  In other words, the Court recognized the distinction between agency staff being *required* by the enjoined agency actions to apply certain unlawful procedures or policies, and agencies *independently* reaching conclusions through the exercise of their own lawful discretion.  The Order addresses the former; by its plain text it does not prohibit the latter.  And the Memorandum Opinion's express statement that Defendants may take "any lawful action that is not based on the challenged Agency Actions" confirms this distinction.  Dkt. 89 at 73.  That said, the Court's Order

10

is also clear (and appropriately so) that Defendants may not rely on the enjoined agency actions or "or otherwise [take] any steps" based upon those enjoined agency actions.

*Third*, with respect to the DOI Land Order and Corps' Memo, Defendants argue that the "or otherwise taking any action" language in the Order "exceeds the limited scope of Plaintiffs' [Administrative Procedure Act ("APA")] challenge" and "goes far beyond affording complete relief between the parties." Dkt. 93 at 7. This is a transparent attempt to narrow relief the Court already tailored after extensive briefing. The Court held that the DOI Land Order, mandating that agencies only permit high capacity-density energy projects, and that the Corps' Memo, mandating prioritization of certain projects, were likely unlawful. Dkt. 89 at 51-52, 57-59 (DOI Land Order), 59-61 (Corps' Memo). An order that enjoins Defendants from implementing the DOI Land Order and Corps' Memo would be toothless if Defendants could simply replicate the very same mandates by new directives. Therefore, an order that explicitly prohibits such an end-run is necessary to provide complete relief. *See Texas v. Cardona*, 743 F. Supp. 3d 824, 897 (N.D. Tex. 2024), *appeal dismissed sub nom. Texas v. McMahon*, No. 24-10910, 2025 WL 2840825 (5th Cir. Apr. 23, 2025) ("Given that the Department has enacted similar guidance in the past and may attempt to do so again as an end-run to the Court's relief, a broader injunction is necessary to provide complete relief."). Defendants also offer no support for their claim (at 7) that the Order "exceeds the limited scope of Plaintiffs' APA challenge" to the DOI Land Order. Injunctive relief is a well-established remedy under the APA. *In re City of Fall River, Mass.*, 470 F.3d 30, 32 (1st Cir. 2006) ("[T]he Administrative Procedure Act permits a district court action for injunctive relief.") (citing 5 U.S.C. § 702). As noted above, Plaintiffs argued (and the Court found) that the DOI Land Order's capacity-density mandate is likely contrary to the OCSLA's and its implementing regulations' twelve-factor balancing requirement and the Federal Land Policy and Management Act's multiple-

11

use principle, in violation of the APA.  Dkt. 90 at 57-59.  Therefore, an injunction that prohibits Defendants from replicating these statutory violations under another guise falls well within the scope of Plaintiffs' claim.

*Fourth*, with respect to the Zerzan M-Opinion, Defendants claim the Order, as written, "effectively compels upon Interior . . . a specific statutory interpretation" and also "expands far beyond preliminarily enjoining Interior from relying upon the Zerzan M-Opinion, including by limiting Interior's ability to exercise its inherent discretion to reconsider prior actions."  Mot. at 8. The Order does not impose any particular interpretation of OCSLA; rather, it enjoins implementation of one unlawful interpretation—reflected in the Zerzan M-Opinion—that the Court found likely violates the APA as arbitrary and capricious and contrary to Section 8(p)(4) of OCSLA and its implementing regulations.  Dkt. 89 at 64-65.  The Order also does not prohibit Defendants from taking action when there is an independent basis for doing so not tied to the Zerzan M-Opinion interpretation.  *See* Dkt. 89 at 73 ("Nothing in . . . the accompanying Order shall prevent Defendants from taking any lawful action that is not based on the challenged Agency Actions as described herein and in the accompanying Order.").  The effect of the Order is clear: where Plaintiffs' interests are implicated, Defendants may not prospectively reconsider a project based on the Zerzan M-Opinion or apply the interpretation of Section 8(p)(4) reflected in the Zerzan M-Opinion when reviewing a project.  Nor may they take other action based upon the Zerzan M-Opinion.  No revisions to the injunction are required.

*Finally*, while Plaintiffs do not object to duplicating the "taking any lawful action that is not based on the challenged Agency Actions" language from the Court's Memorandum Opinion (Dkt. 89 at 73) in the Order, Defendants' proposed new paragraph (at 9) goes too far and should be rejected entirely.  Defendants seek cover for agencies "conducting any process or reaching any

12

outcome . . . notwithstanding the similarity of the process or outcome" to those already enjoined as long as it can be "independently justified under other applicable law or procedures taken in accordance with law." Dkt. 93 at 9. This language suggests that Defendants are already contemplating ways to circumvent the injunction or otherwise "search for and invoke new legal authorities as a post-hoc rationalization for the enjoined agency action[s]." *See AIDS Vaccine Advoc. Coal.*, 768 F. Supp. 3d at 2. This language is unnecessary and prejudicial to Plaintiffs. The Court should reject Defendants' attempt to nullify the relief the Court properly granted to Plaintiffs.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion.

Dated: June 3, 2026

Respectfully submitted,

 */s/ Janice M. Schneider*
U. Gwyn Williams (BBO# 565181)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 880-4512
Facsimile: (617) 948-6001
gwyn.williams@lw.com

Janice M. Schneider (*pro hac vice*)
Stacey VanBelleghem (*pro hac vice*)
Devin M. O'Connor (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
janice.schneider@lw.com
stacey.vanbelleghem@lw.com
devin.o'connor@lw.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF"), and paper copies will be sent on June 3, 2026, to those identified as non-registered participants.

*/s/ Janice M. Schneider*
Janice M. Schneider

14