**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Renew Northeast, et al.,**<br><br>**Plaintiffs**<br><br>v.<br><br>**United States Department of Interior, et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**No. 25-cv-13961-DJC**

## <u>ORDER</u>

**CASPER, C. J.**                                                           **June 16, 2026**

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and Local Rule 7.1, and as reflected in the Court's Memorandum and Order entered today regarding Plaintiffs' Motion for a Preliminary Injunction, D. <u>89</u>, the Court finds that Plaintiffs are likely to succeed on the merits of their claims that (1) the Department of Interior's July 15, 2025 memorandum entitled <u>Departmental Review Procedures for Decisions, Actions, Consultations, and Other Undertakings Related to Wind and Solar Energy Facilities</u> ("DOI Review Procedures Memo"); (2) the United States Fish and Wildlife Service's July 2025 announcement that solar and wind projects cannot use the IPaC website prior to undergoing the review procedures outlined in the DOI Review Procedures Memo ("Wind and Solar IPaC Ban"); (3) DOI Secretary Burgum's August 1, 2025 Secretarial Order No. 3438 entitled <u>Managing Federal Energy Resources and Protecting the Environment</u> ("DOI Land Order"); (4) the United States Army Corps of Engineers' September 18, 2025 memorandum

entitled Direction on Reviewing Permit Applications Related to Energy Generation Projects ("Corps' Memo"); and (5) then-Acting DOI Solicitor, Gregory Zerzan's May 1, 2025 M-Opinion 37086 entitled Withdrawal of Solicitor's Opinion M-37067 and Reinstatement of M-Opinion 37059, Secretary's Duty to Prevent Interference with Reasonable Uses of Exclusive Economic Zone, the High Seas, and the Territorial Seas in Accordance with Outer Continental Shelf Lands Act Subsection 8(p), Alternate Energy-related Uses on the Outer Continental Shelf ("Zerzan M-Opinion") (collectively, the "Agency Actions") violate the Administrative Procedure Act; that Plaintiffs will imminently suffer irreparable harm absent preliminary injunctive relief; that the balance of equities and public interest favor granting preliminary injunctive relief; and that because the injunction carries no risk of monetary loss to Defendants, a security payment is not required.

Accordingly, the Court hereby **ALLOWS** Plaintiffs' Motion for a Preliminary Injunction. Defendants, their officers, agents, servants, and employees are hereby enjoined as follows with respect to all members of RENEW Northeast, Mid-Atlantic Renewable Energy Coalition Action, Alliance for Clean Energy – New York, Renewable Northwest, Southern Renewable Energy Association, Interwest Energy Alliance, Clean Grid Alliance and the Carolinas Clean Energy Business Association, as well as the Green Energy Consumers Alliance, Inc.:

(1) Defendants are enjoined from implementing the DOI Review Procedures Memo or otherwise taking any steps to require agency action related to wind and solar energy facilities to be submitted to the Office of the Executive Secretariat and Regulatory Affairs, subsequently reviewed by the Office of the Deputy Secretary and finally reviewed by the Office of the Secretary as a prerequisite of said action;

(2) Defendants are enjoined from implementing the Wind and Solar IPaC Ban or otherwise taking any action to prevent solar and wind projects from utilizing the Information for

Planning and Consultation website based upon completion of the review procedure outlined DOI Review Procedures Memo;

(3) Defendants are enjoined from implementing § 4 of the DOI Land Order or otherwise taking any action to limit permitting of energy projects based on a project's comparative "capacity density";

(4) Defendants are enjoined from implementing § 4(c) of the Corps' Memo or otherwise taking any action to prioritize processing Clean Water Act and Rivers and Harbor Act permit applications based on whether a project would generate the most annual potential energy generation per acre over projects with low potential generation per acre; and

(5) Defendants are enjoined from implementing the Zerzan M-Opinion (M-Opinion 37086) or otherwise taking any action to treat M-Opinion 37059 as binding and authoritative or to re-evaluate agency action taken in reliance upon M-Opinion 37067.

For the reasons explained in the Memorandum and Order, Plaintiffs are not required to file an injunction bond.

Nothing in this Order, as noted in the Memorandum and Order, D. 89 at 73, shall prevent Defendants from taking any lawful action that is not based on the challenged Agency Actions as described herein and in the Memorandum and Order.

This Order shall remain in effect unless and until modified by the Court.

**SO ORDERED** this 16th day of June, 2026.

By:    /s Denise J. Casper_____
        Denise J. Casper
        Chief United States District Judge