**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

<table>
<tr><td>

RENEW NORTHEAST, *et al*.,

          Plaintiffs,

  v.

UNITED STATES DEPARTMENT
OF THE INTERIOR, *et al*.,

          Defendants.

</td><td>

Civil Action No. 1:25-cv-13961

</td></tr>
</table>

**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8, Defendants United States Department of the Interior ("DOI"); Doug Burgum, in his official capacity as Secretary of the Interior; Bureau of Land Management ("BLM"); Steve Pearce, in his official capacity as BLM Director; Bureau of Ocean Energy Management ("BOEM"); Matthew Giacona, in his official capacity as BOEM Acting Director; Bureau of Safety and Environmental Enforcement ("BSEE"); Kenneth Stevens, in his official capacity as BSEE Principal Deputy Director; United States Fish and Wildlife Service ("FWS"); Brian Nesvik, in his official capacity as FWS Director; United States Army Corps of Engineers ("Corps"); and William H. Graham, Jr., in his official capacity as Chief of Engineers and Commanding General (collectively "Defendants"); hereby respond to the allegations in Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief, Dkt. 33 ("Complaint"). The numbered paragraphs and section headings in this Answer correspond to the

1

numbered paragraphs and section headings of the Complaint solely for ease of reference. Use of the section headings below does not constitute an admission or acknowledgment of the headings' relevance or accuracy. Any allegation not specifically admitted, denied, or qualified, is denied.

## NATURE OF THE ACTION

1. Defendants deny the allegations in Paragraph 1 that certain agencies are pursing any illegal strategy. The remaining allegations in Paragraph 1, including use of the terms "rapidly rise," "burden," "ordinary Americans," "choke," "affordable," "quickly-deployed," and "critical diversity," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

2. The allegations in the first and second sentences of Paragraph 2, including use of the terms "long supported," "several," "unleashed," "barrage," "directives," "goal and effect," and "destroying," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis. The allegations in the second and third sentences of Paragraph 2 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

3. The allegations in Paragraph 3, including use of the terms "catastrophic," "entire sector," and "nation's electrical grid," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

4. The allegations in Paragraph 4 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

5.      Defendants deny the allegations in Paragraph 5.

6.      In response to the allegations in Paragraph 6 that any "agency actions" have caused or will continue to cause harm to Plaintiffs' members, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.  Defendants deny any remaining allegations in Paragraph 6.

7.      The allegations in the first sentence of Paragraph 7 purport to characterize the referenced judicial decision in *New York v. Trump*, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.  Defendants admit the allegations in the second sentence of Paragraph 7 that some of the challenged actions were issued while *New York v. Trump* was pending, and deny any remaining allegations.  Defendants deny the allegations in the third sentence of Paragraph 7.

8.      The allegations in Paragraph 8.a. purport to characterize a DOI memorandum titled "Department Review Procedures for Decisions, Actions, Consultations, and Other Undertakings Related to Wind and Solar Energy Facilities" (July 15, 2025) ("DOI Review Memo"), which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning, including the misleading and inaccurate label Plaintiffs use for the DOI Review Memo.  The allegations in Paragraph 8.b. purport to characterize DOI Secretary's Order 3438 titled "Managing Federal Energy Resources and Protecting the Environment" (Aug. 1, 2025) ("SO 3438") , which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning, including the misleading and inaccurate label Plaintiffs use for SO 3438.  The allegations in Paragraph 8.c. purport to

characterize the referenced Assistant Secretary of the Army for Civil Works ("ASA(CW)") memorandum, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in Paragraph 8.d. relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 8.e. purport to characterize a website banner that appeared on the FWS website, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning, including the allegations misleadingly labeling the website banner as the "Wind and Solar IPaC Ban." Defendants aver that the referenced website banner was removed following issuance of the Court's April 21, 2026, Memorandum and Order, Dkt. 89. The allegations in Paragraph 8.f. purport to characterize the DOI Solicitor's Opinion M-37086 titled "Withdrawal of Solicitor's Opinion M-37067 and Reinstatement of M-Opinion 37059, *Secretary's Duty to Prevent Interference with Reasonable Uses of Exclusive Economic Zone, the High Seas, and the Territorial Seas in Accordance with Outer Continental Shelf Lands Act Subsection 8(p)*, Alternate Energy-related Uses on the Outer Continental Shelf (May 1, 2025) ("Solicitor's Opinion M-37086" or "M-Opinion 37086"), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 9 and deny them on that basis. Defendants deny the allegations in the second sentence of Paragraph 9.

10.    The allegations in Paragraph 10, including use of the terms "delay," "critical," "slip," "wreaks havoc," "paused," "triggers," "idle," "heightened," "uncertainty," and "pull back," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

11.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and deny them on that basis.

12.    Defendants deny the allegations in the first sentence of Paragraph 12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 12 and deny them on that basis.

13.    The allegations in Paragraph 13, including use of the terms "losers," "ordinary," "rely," "suffer," "essential," "reliable," "affordable," "resilient," "delay," "offline," and "volatility," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

14.    The allegations in the first sentence of Paragraph 14, including use of the terms "substantial," "benefits," "continued," "certainty," and "planned investments," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

15.    Defendants deny the allegations in Paragraph 15.

## PARTIES

16.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and deny them on that basis.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and deny them on that basis.

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and deny them on that basis.

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and deny them on that basis.

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and deny them on that basis.

21.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and deny them on that basis.

22.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and deny them on that basis.

23.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and deny them on that basis.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and deny them on that basis.

25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and deny them on that basis.

26.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and deny them on that basis.

27.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and deny them on that basis.

28.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and deny them on that basis.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and deny them on that basis.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and deny them on that basis.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and deny them on that basis.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and deny them on that basis.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and deny them on that basis.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and deny them on that basis.

35.     Defendants admit the allegations in Paragraph 35.

36.     Defendants admit the allegations in the first and third sentences of Paragraph 36. The allegations in the second sentence of Paragraph 36, including use of the terms "ultimate responsibility" and "all applicable federal laws," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

37.     Defendants aver that BLM is a "bureau" within DOI and otherwise admit the allegations in Paragraph 37.

38.     Defendants admit the allegations in the first and third sentences of Paragraph 38. The allegations in the second sentence of Paragraph 38, including use of the terms "ultimate responsibility" and "all applicable federal laws," are vague and ambiguous and lack necessary

context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

39.    Defendants aver that BOEM is a "bureau" within DOI and that Secretary's Order 3451 (July 10, 2026) "reunifies" BOEM and BSEE into a single Bureau – the Marine Minerals Administration, and otherwise admit the allegations in Paragraph 39.

40.    Defendants admit the allegations in the first and third sentences of Paragraph 40. The allegations in the second sentence of Paragraph 40, including use of the terms "ultimate responsibility" and "all applicable federal laws," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

41.    Defendants aver that BSEE is a "bureau" within DOI and that Secretary's Order 3451 (July 10, 2026) "reunifies" BOEM and BSEE into a single Bureau – the Marine Minerals Administration, and otherwise admit the allegations in Paragraph 41.

42.    Defendants admit the allegations in the first and third sentences of Paragraph 42. The allegations in the second sentence of Paragraph 42, including use of the terms "ultimate responsibility" and "all applicable federal laws," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

43.    Defendants admit the allegations in Paragraph 43.

44.    Defendants admit the allegations in the first and third sentences of Paragraph 44. The allegations in the second sentence of Paragraph 44, including use of the terms "ultimate responsibility" and "all applicable federal laws," are vague and ambiguous and lack necessary

8

context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

45.    Defendants admit the allegations in Paragraph 45.

46.    Defendants admit the allegations in the first and third sentences of Paragraph 46. The allegations in the second sentence of Paragraph 46, including use of the terms "ultimate responsibility" and "all applicable federal laws," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

## JURISDICTION AND VENUE

47.    The allegations in Paragraph 47 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

48.    The allegations in Paragraph 48 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

49.    In response to the allegations in Paragraph 49 Defendants admit that venue is proper in this District but deny any remaining allegations.

## LEGAL AND FACTUAL BACKGROUND

50.    The allegations in Paragraph 50, including use of the terms "fastest-growing," "lowest-cost," and "easily deployable," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

51.    The allegations in Paragraph 51 purport to characterize the referenced Energy Information Administration website, which speaks for itself and is the best evidence of its own

contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

52.    The allegations in Paragraph 52 purport to characterize the referenced Energy Information Administration website, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

53.    The allegations in Paragraph 53 purport to characterize the referenced websites, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

54.    The allegations in Paragraph 54 purport to characterize the referenced National Renewable Energy Lab website, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

55.    The allegations in Paragraph 55 purport to characterize the referenced National Renewable Energy Lab website, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

56.    The allegations in Paragraph 56 purport to characterize the referenced North American Electric Reliability Corp. website, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

57.     The allegations in Paragraph 57 purport to characterize the referenced websites, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

58.     The allegations in Paragraph 58, including use of the terms "recognizing," "important," "ensuring," "long," "supported," and "other," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

59.     The allegations in Paragraph 59 purport to characterize the referenced laws, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

60.     The allegations in Paragraph 60, including use of the terms "multiple," "sought," "advance," "faithfully," and "directives," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

61.     Defendants admit the allegations in Paragraph 61 that President George W. Bush signed the Energy Policy Act of 2005 into law.  The remaining allegations in Paragraph 61 purport to characterize the referenced document, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

62.     The allegations in Paragraph 62 purport to characterize the referenced document, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

11

63.     The allegations in Paragraph 63 purport to characterize the referenced law and documents, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

64.     The allegations in Paragraph 64 purport to characterize the referenced documents, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

65.     The allegations in Paragraph 65 purport to characterize the referenced memorandum, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

66.     The allegations in Paragraph 66 purport to characterize the referenced letters and judicial decision, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

67.     The allegations in Paragraph 67 purport to characterize the referenced judicial decision, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

68.     The allegations in Paragraph 68 purport to characterize the referenced judicial decision, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

69.     Defendants deny the allegations in the first and second sentences of Paragraph 69. The allegations in the third sentence of Paragraph 69 purport to characterize the referenced documents and announcements, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

70.    The allegations in Paragraph 70 purport to characterize the referenced statements and articles, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

71.    The allegations in Paragraph 71 purport to characterize the referenced statements and articles, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

72.    The allegations in Paragraph 72 purport to characterize the referenced article, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

73.    Defendants deny the allegations in Paragraph 73.

74.    Defendants deny the allegations in Paragraph 74.

75.    Defendants admit the allegations in Paragraph 75 that DOI issued the referenced DOI Review Memo. The remaining allegations in Paragraph 75 purport to characterize the referenced memorandum, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning, including the misleading and inaccurate label Plaintiffs use for the referenced memorandum.

76.    The allegations in Paragraph 76 purport to characterize the referenced memorandum, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

77.    The allegations in Paragraph 77 purport to characterize the referenced memorandum and cited documents, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

78.     The allegations in Paragraph 78 purport to characterize the referenced document, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

79.     The allegations in Paragraph 79 purport to characterize the referenced statutes, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

80.     The allegations in Paragraph 80 purport to characterize the referenced law, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

81.     The allegations in Paragraph 81 purport to characterize the referenced laws, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

82.     Defendants admit the allegations in the first sentence of Paragraph 82.  The allegations in the second sentence of Paragraph 82 purport to characterize the referenced memorandum, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

83.     The allegations in Paragraph 83 purport to characterize the referenced memorandum, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

84.     The allegations in Paragraph 84 purport to characterize the referenced memorandum, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

85.     The allegations in Paragraph 85 purport to characterize the referenced memorandum, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in the first sentence of Paragraph 87.  The allegations in the second sentence of Paragraph 87, including use of the terms "permitting," and "standstill," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

88.     The allegations in Paragraph 88, including use of the terms "standstills," "significant," "immediate," "often," "limited options," "delays," "fulfilling," "must," "ensure, "disruptions . . . can disrupt," and "tightly aligned," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

89.     The allegations in Paragraph 89 including use of the terms "delays," "caused by," "outset," "grapple," "anticipated," "impossible," "as scheduled," "forced," "inflate," "may be," and "necessary," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

90.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and deny them on that basis.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and deny them on that basis.

94.     Defendants admit the allegations in Paragraph 94 that DOI issued the referenced SO 3438.  The remaining allegations in Paragraph 94 purport to characterize SO 3438, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning, including the misleading and inaccurate label Plaintiffs use for SO 3438.

95.     Defendants deny the allegations in Paragraph 95.

96.     The allegations in Paragraph 96 purport to characterize the Federal Land Policy and Management Act ("FLPMA") and Outer Continental Shelf Lands Act ("OCSLA"), which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

97.     The allegations in Paragraph 97 purport to characterize FLPMA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

98.     The allegations in Paragraph 98 purport to characterize OCSLA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

99.     The allegations in Paragraph 99 purport to characterize FLPMA and OCSLA, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

100.    The allegations in Paragraph 100 purport to characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

16

101.    The allegations in Paragraph 101 purport to characterize NEPA, a judicial decision, and various project documents, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

102.    The allegations in Paragraph 102 purport to characterize SO 3438, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

103.    The allegations in Paragraph 103 purport to characterize SO 3438, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

104.    The allegations in Paragraph 104 purport to characterize the referenced article, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

105.    The allegations in Paragraph 105 purport to characterize SO 3438, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

106.    The allegations in Paragraph 106 purport to characterize SO 3438, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

107.    The allegations in Paragraph 107 purport to characterize SO 3438, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

17

108.    The allegations in Paragraph 108 purport to characterize SO 3438, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

109.    The allegations in Paragraph 109 purport to characterize SO 3438, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

110.    The allegations in the first sentence of Paragraph 110 purport to characterize SO 3438, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.  Defendants deny the allegations in the second sentence of Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and deny them on that basis.

114.    Defendants admit the allegations in the first sentence of Paragraph 114 that that the Assistant Secretary issued the referenced ASA(CW) memorandum dated September 18, 2025.  The remaining allegations in Paragraph 114 purport to characterize the ASA(CW) memorandum, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

115.    The allegations in Paragraph 115 purport to characterize the Clean Water Act ("CWA") and Rivers and Harbors Act ("RHA"), which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

116.    The allegations in Paragraph 116 purport to characterize the referenced regulations, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

117.    The allegations in Paragraph 117 purport to characterize the referenced regulations, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

118.    The allegations in Paragraph 118 purport to characterize the ASA(CW) memorandum, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

119.    The allegations in Paragraph 119 purport to characterize the ASA(CW) memorandum, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

120.    The allegations in Paragraph 120 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

121.    The allegations in Paragraph 121 including use of the terms "utilize," "larger," "inherently," "other types," "needed," and "extraction and transportation," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis. Defendants deny the allegations in the second sentence of Paragraph 121.

122.    Defendants deny the allegations in Paragraph 122.

123.    Defendants deny the allegations in Paragraph 123.

124.    Defendants deny the allegations in Paragraph 124.

125.    Defendants deny the allegations in Paragraph 125.

126. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and deny them on that basis.

127. The allegations in Paragraph 127 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response. To the extent a response is required, Defendants deny the allegations.

128. The allegations in Paragraph 128 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response. To the extent a response is required, Defendants deny the allegations.

129. The allegations in Paragraph 129 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response. To the extent a response is required, Defendants deny the allegations.

130. The allegations in Paragraph 130 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response. To the extent a response is required, Defendants deny the allegations.

131. The allegations in Paragraph 131 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response. To the extent a response is required, Defendants deny the allegations.

132. The allegations in Paragraph 132 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response. To the extent a response is required, Defendants deny the allegations.

133. The allegations in Paragraph 133 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response. To the extent a response is required, Defendants deny the allegations.

134.   The allegations in Paragraph 134 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

135.   The allegations in Paragraph 135 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

136.   The allegations in Paragraph 136 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

137.   The allegations in Paragraph 137 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

138.   The allegations in Paragraph 138 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

139.   The allegations in Paragraph 139 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

140.   The allegations in Paragraph 140 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

141.    The allegations in Paragraph 141 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

142.    The allegations in Paragraph 142 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

143.    The allegations in Paragraph 143 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

144.    The allegations in Paragraph 144 purport to characterize the referenced website banners, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. Defendants aver that the referenced website banner(s) were removed following issuance of the Court's April 21, 2026, Memorandum and Order, Dkt. 89.

145.    The allegations in Paragraph 145 purport to characterize the Information for Planning and Consultation ("IPaC") website, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

146.    The allegations in Paragraph 146 purport to characterize the Endangered Species Act ("ESA"), which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

147.    The allegations in Paragraph 147 purport to characterize the ESA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

148.    In response to the allegations in Paragraph 148, Defendants admit that IPaC is an informational tool that can be used by applicants and proponents to gather information about species listed as threatened or endangered under the ESA, including obtaining a species list, critical habitat data, and the lead FWS office's contact information, if desired.  Defendants otherwise deny any remaining or inconsistent allegations.  Defendants aver that use of IPaC is not required by law and that applicants or project proponents may obtain the requisite information and otherwise communicate with agency personnel in addressing ESA requirements without ever using IPaC, including before IPaC existed.

149.    In response to the allegations in the first sentence of Paragraph 149, Defendants admit that IPaC is an informational tool that can be used by applicants and proponents to gather information about species listed as threatened or endangered under the ESA, including obtaining a species list, critical habitat data, and the lead FWS office's contact information, if desired. Defendants otherwise deny any remaining or inconsistent allegations.  Defendants aver that use of IPaC is not required by law and that applicants or project proponents may obtain the requisite information and otherwise communicate with agency personnel in addressing ESA and CWA requirements without ever using IPaC, including before IPaC existed.  The allegations in the first, second, and third sentences also purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

23

150.    In response to the allegations in the first sentence of Paragraph 150, Defendants admit that IPaC is an informational tool that can be used by applicants and proponents to gather information about species listed as threatened or endangered under the ESA, including obtaining a species list, critical habitat data, and the lead FWS office's contact information, if desired. Defendants otherwise deny any remaining or inconsistent allegations.  Defendants aver that use of IPaC is not required by law and that applicants or project proponents may obtain the requisite information and otherwise communicate with agency personnel in addressing ESA requirements without ever using IPaC, including before IPaC existed.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 150 and deny them on that basis.

151.    Defendants deny the allegations of Paragraph 151.

152.    The allegations in the first sentence of Paragraph 152 purport to characterize the banner previously appearing on the IPaC website, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.  Defendants aver that the referenced website banner was removed following issuance of the Court's April 21, 2026, Memorandum and Order, Dkt. 89.  Defendants deny the allegations in the second sentence of Paragraph 152.

153.    The allegations in Paragraph 153 including use of the terms "information and belief," "restricted," "use," and "particular disfavored category," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.

154.    Defendants deny the allegations in Paragraph 154.

155.    Defendants deny the allegations in Paragraph 155.

24

156.    Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants deny the allegations in Paragraph 158.

159.    Defendants admit the allegations in Paragraph 159 that DOI Acting Solicitor Greg Zerzan issued the referenced M-Opinion 37086 dated May 1, 2025.  The remaining allegations in Paragraph 159 purport to characterize M-Opinion 37086, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

160.    The allegations in Paragraph 160 purport to characterize OCSLA and the referenced judicial decisions, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

161.    The allegations in Paragraph 161 purport to characterize OCSLA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

162.    The allegations in Paragraph 162 purport to characterize OCSLA and the DOI Departmental Manual, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

163.    Defendants admit the allegations in Paragraph 163 that then-DOI Solicitor Daniel Jorjani issued the referenced M-Opinion 37059 in December 2020.  The remaining allegations in Paragraph 163 purport to characterize M-Opinion 37059, which speaks for itself and is the best

evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

164.    The allegations in Paragraph 164 purport to characterize M-Opinion 37059, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

165.    Defendants admit the allegations in Paragraph 165 that then-DOI Solicitor Robert Anderson issued the referenced M-Opinion 37067 in April 2021.  The remaining allegations in Paragraph 165 purport to characterize M-Opinion 37067, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

166.    The allegations in Paragraph 166 purport to characterize M-Opinion 37067, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

167.    The allegations in the first sentence of Paragraph 167 purport to characterize the referenced Renewable Energy Modernization Rule, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.  The allegations in the second sentence of Paragraph 167 purport to characterize the referenced judicial opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

168.    The allegations in Paragraph 168 purport to characterize M-Opinion 37086, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

169.    The allegations in Paragraph 169 purport to characterize M-Opinion 37086, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

170.    The allegations in Paragraph 170 purport to characterize M-Opinion 37086, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

171.    The allegations in Paragraph 171 purport to characterize M-Opinion 37086, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

172.    Defendants deny the allegations in Paragraph 172.

173.    The allegations in the first sentence of Paragraph 173 purport to characterize unspecified "federal motions for remand," which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.  Defendants deny the allegations in the second sentence of Paragraph 173.

174.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and deny them on that basis.

175.    Defendants deny the allegations in Paragraph 175.

176.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and deny them on that basis.

177.    The allegations in Paragraph 177 purport to characterize the Administrative Procedure Act ("APA") and referenced judicial decisions, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

27

178.    The allegations in Paragraph 178 purport to characterize the APA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

179.    The allegations in Paragraph 179 purport to characterize the APA and referenced judicial decision, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

180.    The allegations in Paragraph 180 purport to characterize the APA and referenced judicial decisions, which speak for themselves and are the best evidence of its own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

181.    The allegations in Paragraph 181 purport to characterize the referenced judicial decisions, which speak for themselves and are the best evidence of its own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

182.    The allegations in Paragraph 182 purport to characterize the referenced judicial decisions, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

183.    The allegations in Paragraph 183 purport to characterize the referenced judicial decisions, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

184.    The allegations in Paragraph 184 purport to characterize the referenced judicial decision, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

185.     The allegations in Paragraph 185 purport to characterize the APA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

186.     The allegations in Paragraph 186 purport to characterize the referenced judicial decisions, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

187.      The allegations in Paragraph 187 purport to characterize the APA and referenced judicial decision, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

## CLAIMS FOR RELIEF

## COUNT I

188.     The responses to Paragraphs 1 through 172 are incorporated here by reference.

189.     The allegations in Paragraph 189 purport to characterize the APA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

190.     Defendants admit the allegations in the first sentence of Paragraph 190 that DOI issued the referenced DOI Review Memo, and deny any remaining allegations in the first sentence.  The allegations in the second sentence of Paragraph 190 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants deny the allegations throughout Paragraph 190 insofar as they include the misleading and inaccurate label Plaintiffs use for the DOI Review Memo.

191.     The allegations in Paragraph 191 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

192.    The allegations in Paragraph 192 purport to characterize the referenced memorandum, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

193.    Defendants deny the allegations in Paragraph 193.

194.    Defendants deny the allegations in Paragraph 194.

195.    Defendants deny the allegations in Paragraph 195.

196.    Defendants deny the allegations in Paragraph 196.

197.    The allegations in the first sentence of Paragraph 197 purport to characterize the referenced memorandum, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.  The allegations in the second sentence of Paragraph 197 purport to characterize the referenced Wind Memorandum and judicial decision, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

198.    Defendants deny the allegations in Paragraph 198.

199.     The allegations in the first and second sentences of Paragraph 199 purport to characterize the referenced memorandum, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.  Defendants deny the allegations in the third sentence of Paragraph 199.

200.    Defendants deny the allegations in Paragraph 200.

201.    Defendants deny the allegations in Paragraph 201.

202.    Defendants deny the allegations in Paragraph 202.

203.    Defendants deny the allegations in Paragraph 203.

204.   Defendants deny the allegations in Paragraph 204.

205.   Defendants deny the allegations in Paragraph 205.

206.   Defendants deny the allegations in Paragraph 206.

207.   Defendants deny the allegations in Paragraph 207.

## COUNT II

208.   The responses to Paragraphs 1 through 191 are incorporated here by reference.

209.   The allegations in Paragraph 209 purport to characterize the APA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

210.   Defendants admit the allegations in the first sentence of Paragraph 210 that DOI issued SO 3438, and deny any remaining allegations in the first sentence.  The allegations in the second sentence of Paragraph 210 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.  Defendants deny the allegations throughout Paragraph 210 insofar as they include the misleading and inaccurate label Plaintiffs use for SO 3438.

211.   The allegations in Paragraph 211 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

212.   The allegations in the first sentence of Paragraph 212 purport to characterize SO 3438, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.  Defendants deny the allegations in the second sentence of Paragraph 212.

213.   Defendants deny the allegations in Paragraph 213.

214.   Defendants deny the allegations in Paragraph 214.

215.    Defendants deny the allegations in the first sentence of Paragraph 215.  The allegations in the second and third sentences of Paragraph 215 purport to characterize SO 3438, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

216.    The allegations in Paragraph 216 purport to characterize SO 3438, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

217.    The allegations in Paragraph 217 purport to characterize SO 3438, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

218.    Defendants deny the allegations in Paragraph 218.

219.    The allegations in Paragraph 219 purport to characterize SO 3438 and the referenced statutes and regulations, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

220.    Defendants deny the allegations in Paragraph 220.

221.    Defendants deny the allegations in Paragraph 221.

222.    Defendants deny the allegations in Paragraph 222.

223.    Defendants deny the allegations in Paragraph 223.

224.    Defendants deny the allegations in Paragraph 224.

225.    The allegations in Paragraph 225 purport to characterize OCSLA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

226.    Defendants deny the allegations in Paragraph 226.

227.    The allegations in Paragraph 227 purport to characterize FLPMA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

228.    The allegations in Paragraph 228 purport to characterize SO 3438, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

229.    The allegations in the first sentence of Paragraph 229 purport to characterize NEPA and SO 3438, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. Defendants deny the allegations in the second sentence of Paragraph 229.

230.    In response to the allegations in the first sentence of Paragraph 230, Defendants admit that SO 3438 was not promulgated through notice and comment rulemaking procedures and otherwise deny the allegations.  Defendants deny the allegations in the second sentence of Paragraph 230.

231.    The allegations in the first sentence of Paragraph 231 purport to characterize OCSLA and FLPMA, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning. Defendants deny the allegations in the second sentence of Paragraph 231.

232.    Defendants deny the allegations in Paragraph 232.

## COUNT III

233.    The responses to Paragraphs 1 through 216 are incorporated here by reference.

234. The allegations in Paragraph 234 purport to characterize the APA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

235. Defendants deny the allegations in the first sentence of Paragraph 235.

236. The allegations in Paragraph 236 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

237. Defendants deny the allegations in Paragraph 237.

238. Defendants deny the allegations in Paragraph 238.

239. Defendants deny the allegations in Paragraph 239.

240. Defendants deny the allegations in Paragraph 240.

241. The allegations in Paragraph 241 purport to characterize the ASA(CW) memorandum, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

242. Defendants deny the allegations in Paragraph 242.

243. Defendants deny the allegations in Paragraph 243.

244. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 and deny them on that basis.

245. Defendants deny the allegations in Paragraph 245.

246. Defendants deny the allegations in Paragraph 246.

247. Defendants deny the allegations in Paragraph 247.

248. The allegations in Paragraph 248 purport to characterize the ASA(CW) memorandum and CWA, which speak for themselves and are the best evidence of their own

contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

249.    Defendants deny the allegations in Paragraph 249.

250.    Defendants deny the allegations in Paragraph 250.

251.    Defendants deny the allegations in Paragraph 251.

252.    Defendants deny the allegations in Paragraph 252.

253.    Defendants deny the allegations in the first sentence of Paragraph 253.  The allegations in the second sentence of Paragraph 253 purport to characterize the CWA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

254.    The allegations in the first sentence of Paragraph 254 purport to characterize the referenced regulations, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.  Defendants deny the allegations in the second sentence of Paragraph 254.

255.    Defendants deny the allegations in Paragraph 255.

256.    The allegations in Paragraph 256 purport to characterize the ASA(CW) memorandum, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

257.    The allegations in the first sentence of Paragraph 257 purport to characterize the referenced regulations, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.   Defendants deny the allegations in the second sentence of Paragraph 257.

258.    Defendants deny the allegations in Paragraph 258.

**COUNT IV**

259.    The responses to Paragraphs 1 through 242 are incorporated here by reference.

260.    The allegations in Paragraph 260 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

261.    The allegations in Paragraph 261 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

262.    The allegations in Paragraph 262 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

263.    The allegations in Paragraph 263 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

264.    The allegations in Paragraph 264 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

265.    The allegations in Paragraph 265 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

266.    The allegations in Paragraph 266 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

267. The allegations in Paragraph 267 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response. To the extent a response is required, Defendants deny the allegations.

268. The allegations in Paragraph 268 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response. To the extent a response is required, Defendants deny the allegations.

269. The allegations in Paragraph 269 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response. To the extent a response is required, Defendants deny the allegations.

270. The allegations in Paragraph 270 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response. To the extent a response is required, Defendants deny the allegations.

271. The allegations in Paragraph 271 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response. To the extent a response is required, Defendants deny the allegations.

272. The allegations in Paragraph 272 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response. To the extent a response is required, Defendants deny the allegations.

273. The allegations in Paragraph 273 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response. To the extent a response is required, Defendants deny the allegations.

274.    The allegations in Paragraph 274 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

275.    The allegations in Paragraph 275 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

276.    The allegations in Paragraph 276 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

277.    The allegations in Paragraph 277 relate to Count IV of the Amended Complaint, which the Court has dismissed, Dkt. 103, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.

## COUNT V

278.    The responses to Paragraphs 1 through 261 are incorporated here by reference.

279.    The allegations in Paragraph 279 purport to characterize the APA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

280.    The allegations in the first sentence of Paragraph 280 purport to characterize the referenced website banners, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.  Defendants aver that the relevant website banner was removed following issuance of the Court's April 21, 2026, Memorandum and Order, Dkt. 89.  The allegations in the second

sentence of Paragraph 280 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

281.    The allegations in the first sentence of Paragraph 281 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  The allegations in the second sentence of Paragraph 281 purport to characterize the referenced website banner, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.  Defendants aver that the relevant website banner was removed following issuance of the Court's April 21, 2026, Memorandum and Order, Dkt. 89.

282.    Defendants deny the allegations in Paragraph 282.

283.    Defendants deny the allegations in Paragraph 283.

284.    Defendants deny the allegations in Paragraph 284.

285.    Defendants deny the allegations in Paragraph 285.

286.    The allegations in Paragraph 286 purport to characterize the referenced IPaC website banner and DOI Review Memo, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.  Defendants aver that the relevant website banner was removed following issuance of the Court's April 21, 2026, Memorandum and Order, Dkt. 89.

287.    Defendants deny the allegations in the first sentence of Paragraph 287.  The allegations in the second and third sentences of Paragraph 287 purport to characterize the IPaC website banner and IPaC website, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context,

or meaning.  Defendants aver that the relevant website banner was removed following issuance of the Court's April 21, 2026, Memorandum and Order, Dkt. 89.

288.    Defendants deny the allegations in Paragraph 288.

289.    Defendants deny the allegations in Paragraph 289.

290.    Defendants deny the allegations in Paragraph 290.

291.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291 and deny them on that basis.

292.    Defendants deny the allegations in Paragraph 292.

293.    Defendants deny the allegations in the first sentence of Paragraph 293.  The allegations in the second sentence of Paragraph 293 purport to characterize the ESA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

294.    Defendants deny the allegations in Paragraph 294.

295.    Defendants deny the allegations in Paragraph 295.

## COUNT VI

296.    The responses to Paragraphs 1 through 279 are incorporated here by reference.

297.    The allegations in Paragraph 297 purport to characterize the APA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

298.    Defendants admit the allegations in the first sentence of Paragraph 298 that the Acting DOI Solicitor issued M-Opinion 37086 dated May 1, 2025, and deny any remaining allegations in the first sentence.  The allegations in the second sentence of Paragraph 298 consist

of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

299.     The allegations in the first sentence of Paragraph 299 purport to characterize M-Opinion 37086, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.  Defendants deny the allegations in the second sentence of Paragraph 299.

300.     Defendants deny the allegations in Paragraph 300.

301.     Defendants deny the allegations in Paragraph 301.

302.     Defendants deny the allegations in Paragraph 302.

303.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303 and deny them on that basis.

304.     Defendants deny the allegations in Paragraph 304.

305.     Defendants deny the allegations in Paragraph 305.

306.     Defendants deny the allegations in the first, fourth, and fifth sentences of Paragraph 306.  The allegations of the second and third sentences of Paragraph 306 purport to characterize OCSLA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

307.     Defendants deny the allegations in the first sentence of Paragraph 307.  The allegations in the second, third, and fourth sentences in Paragraph 307 purport to characterize OCSLA and referenced portions of its legislative history, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

308.     Defendants deny the allegations in Paragraph 308.

309.    Defendants deny the allegations in Paragraph 309.

310.    The allegations in the first sentence of Paragraph 310 including use of the terms "determined," "disturb," "several," "in reliance," and "directive," are vague and ambiguous and lack necessary context for Defendants to attribute meaning or form a response to the allegations and Defendants deny them on that basis.  The allegations in the second sentence of Paragraph 310 purport to characterize the referenced memoranda and Record of Decision, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.   The allegations in the third sentence of Paragraph 310 purport to characterize M-Opinion 37086, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

311.    Defendants deny the allegations in the first sentence of Paragraph 311.  The allegations in the second sentence of Paragraph 311 purport to characterize the referenced Renewable Energy Modernization Rule, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

312.    Defendants deny the allegations in Paragraph 312.

313.    Defendants deny the allegations in Paragraph 313.

### PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or to any form of relief whatsoever.

**GENERAL DENIAL**

Defendants deny any allegations of the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not specifically admitted, denied, or qualified herein.

**DEFENSES**

1.      Plaintiffs fail to state a claim upon which relief may be granted.

2.      Plaintiffs have failed to properly establish subject matter jurisdiction.

3.      Plaintiffs fail to challenge final agency action.

4.      Plaintiffs lack standing to bring some or all of their claims.

5.      Plaintiffs have failed to demonstrate that some or all of their claims are ripe for judicial review.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs all relief requested, dismiss the Complaint with prejudice, grant judgment for Defendants and against Plaintiffs, and grant Defendants such other relief as the Court deems appropriate.

Respectfully submitted this 30th day of July 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

*/s/ Paul A. Turcke*
PAUL A. TURCKE
Trial Attorney (Idaho Bar No. 4759)
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
(202) 532-5994
paul.turcke@usdoj.gov

ROBERT P. WILLIAMS
Senior Trial Attorney (DC Bar No. 474730)
Wildlife & Marine Resources Section

43

Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
(202) 305-0210
robert.p.williams@usdoj.gov

REDDING C. CATES
Senior Trial Attorney (Cal. Bar No. 269055)
Environmental Defense Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
(202) 353-5561
redding.cates@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July 2026, a true and correct copy of the foregoing

is being served via the Court's CM/ECF system upon all counsel of record.

/s/ *Paul A. Turcke*
Paul A. Turcke